[No. 8.  Decided January 30, 1890.]

THE COUNTY OF KING v. GEORGE D. HILL, JOHN LEARY, JOSEPH F. McNAUGHT, GEORGE W. HARRIS, E. P. FERRY, SUTCLIFFE BAXTER AND G. C. PHINNEY.

APPEAL — STATEMENT OF FACTS — NOTICE OF SETTLEMENT — REQUISITES OF CERTIFICATE — PRACTICE.

On appeal, the written opinion of the trial judge, not purporting to be a finding of facts, will, on motion, be stricken from the transcript.

Under the appeal act of 1883, allowing six months in which to serve notice of appeal, and thirty days in which to give notice of a settlement of the statement of facts, it is immaterial which of the notices precedes the other.

Where judges are allowed by statute to exchange courts on request, a judge, who has tried a cause in another district than his own, may certify and settle the statement of facts, after returning to his own district.

A certificate by the trial judge, that the statement "contains all the material facts in the cause relating to the execution of the bond in suit (except the original bond itself), and the ruling and decision on the question of the execution thereof, and the dismissal of said cause," is not a sufficient compliance with the provisions of the appeal act of 1883, requiring that the statement shall contain " the material facts in the cause."

The fact that appellees were present with a copy of the proposed statement, when the facts were settled, and offered no amendments, does not estop them from moving to strike out the statement of facts on account of the insufficiency of the judge's certificate.

Although the statement of facts has been stricken out, a motion to affirm the judgment should be denied, and the appeal heard upon its merits, where there are several assignments of error.

*Error to District Court, King County.*

Action by the County of King against George D. Hill, as treasurer of said county, and his sureties, on his official bond, to recover an alleged deficit in public funds. Judgment for defendant, and plaintiff appeals. In this court defendants move to affirm the judgment of the district court upon the ground that the evidence in the case has not been certified to this court, and no statement of all the

material facts in the cause has been certified to by the judge before whom the action was tried, nor by the judge of the court in which the judgment was rendered.

*Ronald & Piles*, and *W. S. Bush*, for plaintiff in error.

The statement that the opinion of the court, including the decision, "is not, under the provisions of our statute, or any system, proper matter to be made of record," is incorrect. Code Wash. T., §§ 256, 246, 460, and 466; Baylies on New Trials and Appeals, pp. 129–130.

The statute of 1883 requires the statement of facts to be settled before the judge who tried the cause; and notice for the settlement of the same must be given within thirty days after the rendition of the judgment. The appellant is given six months to give notice of appeal. The act, construed as a whole, gives the appellant the right to perfect his statement of the material facts by giving notice, and a right to appeal at any time within six months. It does not require that the appeal shall be taken before he perfects the statement of facts. The same rule of law applies as if the case had been tried before the judge of the Third judicial district. The act must have a reasonable construction. *British Bark Latona v. McAllep*, 3 Wash. T. 342.

The judges having exchanged for the trial of this cause, on account of the disqualification of Judge HANFORD, Judge CALKINS was clothed, under the act of 1883, with power to settle the statement of facts. His jurisdiction to settle outside the district where the trial took place, and where he was acting judicially, is conceded in *Hollon Parker, petitioner*, 131 U. S. 225; and see *Marsh v. Wade*, 3 Wash. T. 477; *Howe v. Jones*, 23 N. W. Rep. 378; *Seattle, etc., R. R. Co. v. Ah Kow*, 2 Wash. T. 39.

Sections 2137–2138 of the code, so far as they prohibit a judge from settling a statement of facts in chambers, outside the district where he tried the cause, are modified

and amended by the act of November 23, 1883. See *People v. Durick*, 20 Cal. 94; *Ex parte Taylor*, 13 How. (U. S.) 13.

The motion to affirm the judgment of the court below is based on the presumption that the court will strike from the record the "statement of facts," and that the case can not be heard on the merits at all. Such motions were denied in *Swift v. Stine*, 3 Wash. T. 519–520.

*Struve, Haines & McMicken*, and *C. H. Hanford*, for defendants in error.

The opinion of the judge of the district court should be struck out of the record. It is not, under the provisions of our statute, or any system, proper matter to be made of record. *England v. Gebhardt*, 112 U. S. 502; *Louisiana, etc. Ins. Co. v. Tweed*, 7 Wall, 44; *Dillon v. Spokane County*, 3 Wash. T. 498.

No statement of facts, which the parties have not agreed to, can be lawfully used in this court, unless it has been prepared and certified in the manner prescribed by statute. *Zenkner v. N. P. R. R. Co.*, 3 Wash. T. 60; *U. S. v. "Lone Fisherman,"* 3 Wash. T. 316; *Kenyon v. Knipe*, 3 Wash. T. 243; *Caton v. Switzler*, 3 Wash. T. 242.

The statute requires, in explicit terms, that the statement shall contain all the facts in the case, or at least all the material facts, and that it shall be so certified. The statute also requires that the statement shall be certified, not by the judge of some court other than the one in which the judgment was rendered, and at some place outside of the district over which the court in which the judgment was rendered has jurisdiction, but by "the judge of the court below," that is, the inferior court from which the cause is removed to the supreme court. Laws of Wash. T. 1883, p. 59, §§ 3 and 4.

We especially maintain that, in certifying a statement of facts, judicial power must be exercised. Such powers

can only be lawfully exercised by one who is clothed with judicial authority, and who at the time acts within the boundaries of the district over which he as judge has jurisdiction, and in a case pending in the court over which he as judge at the time presides. Code Wash. T., §§ 2137-8; *Cain v. Libby*, 21 N. W. Rep. 739.

This court having become vested with jurisdiction of the cause, by an appeal having been taken, it must pass upon the merits of the cause and render a final judgment; the judgment should be affirmed for the reason that in the condition of the record that has been brought here, no other disposition of the cause can possibly be made. The evidence has not been preserved or transmitted to this court; if any error to the prejudice of the plaintiff in error taints the findings, decision or judgment of the court, it will not be discoverable by this court. *Suydam v. Williamson*, 20 How. 427; Powell on Appellate Proceedings, pp. 125-129, §§ 17-21; *Prentice v. Stearns*, 113 U. S. 435; *Bonnifield v. Price*, U. S. Sup. Ct. (L. C. P. ed.) vol. 26, p. 1022.

The opinion of the court was delivered by

STILES, J. — This was a motion to strike from the transcript the written opinion of the judge who tried the cause in the court below, and the statement of facts, and to affirm the judgment. The suit was brought upon the bond of defendants in error, Hill and others, executed to the county of King, of which Hill was treasurer. The issues, when made up, were referred to a referee under chap. 18 of the code. The referee heard the cause and reported his findings of fact and conclusions of law, with the testimony taken by him. The judge of the Third district court was disqualified, and the judge of the Fourth district sat to hear the cause, at Seattle, upon the report of the referee. The report of the referee recommended a judgment against the defendants for a certain sum, which the plaintiff deemed too small and did not cover a period within which it was

claimed a liability upon the bond had accrued. Plaintiff, therefore, moved to correct the report in these particulars, and for an enlarged judgment accordingly. Defendants, on the other hand, moved to entirely set aside the findings of fact and conclusions of law of the referee, and for a judgment of dismissal.

The hearing of these motions seems to have involved a hearing of the whole case, and the judge rendered an elaborate opinion in writing giving his reasons for his action, which was filed with the other papers in the case. There were three cases brought by the same plaintiff against the same defendants, and all were heard together; therefore, the opinion includes all three. We think the motion to strike the opinion from the transcript is well taken, as it does not purport to be a finding of facts, or anything but the views of the judge on various points and authorities cited, and is not properly a part of the transcript. The court overruled the exceptions of the plaintiff to the referee's report and denied its motion; and, on the other hand, sustained the exceptions of the defendant, set aside the findings and conclusions of the referee, and rendered judgment of dismissal, with costs.

The order and judgment was as follows: "It is ordered by the court that the findings and conclusions of said referee be and the same are set aside; and it is the decision of the court that there is not sufficient evidence to support the allegations of the plaintiff's complaint in this action, and that the defendant's allegations are true, and the judgment should be rendered in favor of the defendants for their costs and disbursements herein. Judgment that plaintiff take nothing by the action and that defendants have judgment for costs;" and there were no findings of fact or conclusions of law except as they may be found in the order. The plaintiff intending to appeal to this court sought to have a statement of facts settled, under the appeal act of 1883; but the judge who tried the cause had

returned to his own district, and was then at Ellensburgh, Kittitas county. Notice of the settlement of a proposed statement before him at that place, was given to defendants; and a copy of the proposed statement was delivered with the notice. No notice of appeal had at that time been given. At the hearing at Ellensburgh the defendants were present, and objected to the statement, calling attention to the fact that there was testimony of witnesses which was not included in the statement, which consisted only of the testimony of witnesses, and a copy of the bond sued on; the testimony related only to the execution and delivery of the bond. But defendants did not offer themselves to furnish any matter for the statement. The judge certified the statement as proposed as follows: "That the same" (the statement) "contains all the material facts in the above entitled cause relating to the execution of the bond in suit (except the original bond itself), and the ruling and decision on the question of the execution thereof, and the dismissal of said cause as aforesaid." The certificate further requested the clerk to send the original bond to the clerk of this court.

It is alleged that no statement of facts could be settled until after notice of appeal; that only the judge of the Third district court could certify to any statement; that the judge could not certify out of the district, and that the statement is not a statement of all the facts, or all the material facts, and is not so certified by the judge, and therefore it is moved that the statement be struck out. We cannot sustain either of the first three objections. The statute allows six months for notice of an appeal, and only thirty days in which to give notice of a settlement of the statement. In our judgment it is immaterial which of the notices precedes the other.

When judges are allowed by statute to exchange courts, we must hold that the mere return of the judge, who tries a cause in another district by request, cannot cut off the right

of parties under other provisions of the statutes to have the facts of the trial stated; and from this it follows that in this case the judge of the Fourth district could settle and certify the statement at Ellensburgh. The case of *Hollon Parker, petitioner*, 131 U. S. 221 (9 Sup. Ct. Rep. 708), is applicable to the last point.

But we think the fourth of defendant's objections to the statement is without answer, and must prevail. The statute of 1883, § 4, p. 59, makes a liberal provision in this regard. All that it exacts is, that the statement shall contain "the material facts in the cause," by which means large masses of testimony can be eliminated and the record greatly diminished. But "the material facts" must be there and the judge must certify that they are there. The certificate here does not at all fulfill the requirement, although a word or two would have sufficed. The reason for the failure was, that both the judge and parties were conscious that many other matters were material in the cause beside the execution of the bonds; we gather this from the briefs and arguments of counsel on this motion. Plaintiff urges that as defendants had a copy of the statement proposed, and were present, and proposed no amendments, they are estopped; but we think not, under our practice. The intention of the statute is, that a fair statement shall be presented by either party, or both, to the judge, and his decision controls.

There remains the motion to affirm the judgment. This we shall deny upon the authority of *Swift v. Stine*, 3 Wash. T. 518 (19 Pac. Rep. 63). The appeal is from the judgment upon several assignments of error, and should be heard upon its merits.

The opinion of the judge and the statement will be stricken from the transcript; the motion to affirm the judgment is denied.

ANDERS, C. J., and SCOTT and DUNBAR, JJ., concur.
HOYT, J., not sitting.