[No. 4517.   Decided September 14, 1903.]

ELIZA F. KING, *Appellant,* v. WILLIAM H. BRANSCHEID, *Respondent.*

APPEAL — SUCCESSIVE APPEALS.

A second appeal may be taken by an appellant, without the necessity of having his original appeal dismissed.

SAME — SUFFICIENCY OF APPEAL BOND.

The requirement of Bal. Code, § 6506, to the effect, that the appeal bond shall be conditioned that the appellant will pay all costs and damages that may be awarded against him on the appeal or on the dismissal thereof, is sufficiently complied with where the appeal bond is conditioned that plaintiff will satisfy the judgment in case of affirmance, and any order which the supreme court may make, or order to be rendered by the superior court.

SAME.

Such a bond, though conditioned principally as a stay bond, is effectual as an appeal bond also, where it is in a penalty double the amount of the judgment and $200 additional.

LIS PENDENS — SUIT TO REMOVE CLOUD.

Under Bal. Code, § 5521, which provides that any person in possession of real property may maintain a civil action against any person claiming an interest in said property, or any right thereto adverse to him, for the purpose of determining such claim, a suit to remove the cloud caused by the filing of a *lis pendens* notice in an action between other parties may be maintained by the owner, without awaiting the result of the action to which he is a stranger.

SAME — CANCELLATION OF RECORD.

Bal. Code, § 4887, which provides that in actions affecting title to real estate, where a *lis pendens* is filed, the court may, at any time after the action is settled, discontinued, or abated, order the notice canceled of record, on application of any person aggrieved, is cumulative of the remedy provided by Id., § 5521, in so far as it is applicable to persons not parties to the action in which the notice was filed.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Reversed.

*F. S. Blattner,* for appellant.

*Ellis & Fletcher,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this action alleges that the plaintiff is the owner and in possession of certain real

estate, therein described, situated in Pierce county, state
of Washington; that on the 7th day of March, 1901, the
defendant caused to be filed in the office of the auditor of
said county a *lis pendens* which described the real estate
of which plaintiff claimed to be the owner; that defend-
ant's *lis pendens* constituted a cloud on plaintiff's title,
and obstructed the sale and transfer of said property;
that defendant claimed an interest and right in said real
estate adverse to plaintiff, and that defendant had no
legal or equitable claim, interest, right, or title to said
property, or any part thereof; prayed that the court deter-
mine such adverse claim made by defendant, that on such
determination the defendant be declared to have no right,
title, claim, or interest in or to said property, and that
the *lis pendens* be canceled of record, and for judgment
against the defendant for costs. The defendant inter-
posed a demurrer to the complaint, to the effect that it
did not state a cause of action, which demurrer was sus-
tained. The plaintiff electing to stand on her complaint,
judgment was entered for costs, and from such judgment
this appeal is taken.

Respondent moves to dismiss the appeal for the reasons
(1) that the brief fails to point out clearly or otherwise
the errors complained of; (2) that the brief does not con-
tain a sufficient statement of the case; (3) that the appel-
lant did not, at or before or within five days after giving
the notice of appeal, file with the clerk of the superior
court an appeal bond to make her said appeal effectual, as
prescribed by law. As to the first two propositions, the
brief of appellant, though not lengthy, is clear and con-
cise, and sufficiently states the points to be considered by
this court. As to the third, it appears that appellant
abandoned her first notice of appeal, and afterwards ap-

pealed by giving a new notice and perfecting the appeal within ninety days from the rendition of the judgment. This court has frequently held that the taking of the second appeal is allowable, and it is not necessary that the first appeal should be dismissed.    If it is not an effectual appeal, it is dismissed by operation of law.    It is also contended by the respondent that the phraseology of the bond is insufficient under the statute, and that it is not in form or substance such as to render the appeal effectual. Section 6506, Bal. Code, provides that the bond shall be conditioned that the appellant will pay all costs and damages that may be awarded against him on the appeal or on the dismissal thereof, not exceeding $200.    The condition of the bond in question is as follows:

"Now, therefore, if the said Eliza F. King shall satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may order or make, or order to be rendered or made, by the superior court, then this bond to be void and of no effect; otherwise to remain in full force and effect."

While the exact language of the statute is not employed in the bond, we think the language used is sufficiently comprehensive, and covers in meaning the requirements of the statute, and that, if the appellant satisfies and performs the judgment or order appealed from, and any judgment or order which this court may order or make, or order to be rendered or made by the superior court, the respondent will receive all at the hands of the appellant which he is entitled to.    It is also objected that the appeal bond, though in double the amount of the judgment and $200 added, is not conditioned as an appeal bond, but merely contains the conditions of a stay bond, and that it is ineffectual in that respect; and *Hewitt v. Lansdale,* 26 Wash. 615 (67 Pac. 354), *Beezley v. Sessions,* 22

Wash. 125 (60 Pac. 130), *Graham v. American Surety Co.,* 28 Wash. 735 (69 Pac. 365), and *Loy v. Coey,* 31 Wash. 684 (71 Pac. 552), in addition to the authorities originally cited by respondent, are cited to sustain this contention.    As we view these authorities, however, they are in no wise in point, but simply sustain the doctrine laid down in *Pierce v. Willeby,* 20 Wash. 129 (54 Pac. 999), wherein the rule was announced that, where the bond purported to be both a stay and an appeal bond, it must be in an amount twice the value of the judgment, in addition to the $200 required on appeal.    We think that the bond is sufficient, and the motion to dismiss must be denied.

On the merits it is contended by the respondent—a view evidently taken by the trial court—that the owner of the property must await the determination of the issues involved in the case in which the *lis pendens* was filed, and that there is no provision of law for the commencement of such an action as the one presented here.    The appellant contends that the action is properly brought under the provisions of § 5521, Bal. Code, which provides that any person in possession of real property may maintain a civil action against any person claiming an interest in said property, or any part thereof, or any right thereto, adverse to him, for the purpose of determining such claim.    We think this statute is sufficiently comprehensive to warrant the bringing of an action of this kind, even if it should be conceded that the plaintiff did not have a common-law right of action to remove a cloud from his title.    That the filing of a *lis pendens* does constitute a cloud on title to real estate can scarcely be denied.    It is urged by the respondent that the *lis pendens* is simply a part of, or an adjunct to, the original suit, but it is a part or an adjunct

which certainly interferes essentially with the free use and enjoyment of one's property. The allegation of the complaint is that it does so interfere, and the legal effect of the filing of a *lis pendens* insures such a result, even though it were not alleged in the complaint. As between the parties to the original action, this action probably could not be maintained, for it would be but a trial between the same parties of the same issues which were presented in the original case. But we see no reason why a person who is not a party to the action should have to await the legal determination of the rights of strangers before he can be restored to the enjoyment of his own. The respondent insists that provision is made in § 4887, Bal. Code, for the determination of appellant's rights, it being there provided that in actions affecting title to real estate, where a *lis pendens* is filed, the court in which the said action was commenced may, at its discretion, at any time after the action is settled, discontinued, or abated, on application of any person aggrieved and on good cause shown, and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded. But this provision, if not intended to apply to the litigants or parties to the original action, would be a right cumulative to the appellant if he saw fit to await the determination of the original cause.

We think the complaint states a cause of action and that the court erred in sustaining the demurrer thereto. The judgment is therefore reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint.

FULLERTON, C. J., and HADLEY, ANDERS and MOUNT, JJ., concur.