(No. 5213. Decided July 14, 1905.)

E. H. AHRENS et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

APPEAL—BOND—CONDITIONS. A bond on appeal conditioned for the payment of all costs and damages adjudged on the appeal and for the performance of any judgment, covers costs on the dismissal of the appeal, and is sufficient although not in the exact language of the statute.

SAME — BOND AS SUPERSEDEAS — AMOUNT — APPEAL FROM ASSESS-MENT. Upon an appeal from a judgment confirming a municipal assessment and for $18.90 costs, in which the court fixed no amount for a supersedeas bond, a bond on appeal in the sum of $300, sufficient in form as an appeal bond, will give the supreme court jurisdiction of the appeal, where it is not conditioned to effect a stay, although it contains some of the recitals of an ordinary supersedeas bond, since it is a mere nullity in respect to the stay.

[1]Reported in 81 Pac. 558.

MUNICIPAL CORPORATIONS—ASSESSMENTS—APPEAL FROM CONFIRMA-
TION—TRIAL IN SUPERIOR COURT—NEW EVIDENCE. Upon appeal from
a municipal assessment the appellant is entitled to a trial on new
evidence submitted by him, and is not confined to the record certi-
fied from the city council.

APPEAL — DECISION — REVIEW OF SPECIAL ASSESSMENT — REMAND.
Upon reversing an order of the superior court, confirming a munici-
pal assessment, for error in excluding all evidence offered, the
supreme court is not confined to a correction of the assessment roll,
but will remand the case to the superior court for a full trial on
the evidence.

Appeal from the judgment of the superior court for King
county, Bell, J., entered March 3, 1904, in favor of the
city, upon excluding all evidence offered, dismissing an
appeal from a municipal assessment. Reversed.

*Shepard & Lyter,* for appellants.

*Mitchell Gilliam, Hugh A. Tait,* and *Wm. Parmerlee
(James B. Howe,* of counsel), for respondent.

HADLEY, J.—At the time of the first oral argument on
this appeal, respondent suggested that the appeal bond is
defective, and orally moved to dismiss the appeal. Argu-
ment was heard upon the subject, and the matter was taken
under advisement. At the recent term of this court, another
oral argument was heard, and the cause was submitted to
the entire court as now constituted. The alleged defect in
the appeal bond was not discussed at the time of the last
oral argument. We do not understand, however, that re-
spondent has abandoned its position in that matter, but
rather that further discussion of it was omitted for the
reason that the court may have indicated that it did not
care to hear further argument on that subject. The defects
suggested are, (1) that the bond does not contain the words
"or on the dismissal thereof;" (2) that it is insufficient
in amount to operate both as a supersedeas and a cost bond.

With regard to the first point suggested, it does appear
that the words above quoted from the statute are not in-

cluded in the bond. It is, however, conditioned that appellants will not only pay all costs and damages adjudged against them on the appeal, but that they will also perform any judgment or order that may be rendered against them by this court. A judgment for costs on the dismissal of the appeal would therefore be covered by the terms of the bond. It is sufficient to protect every right of respondent, and in such case the bond should not be held to be jurisdictionally defective for mere failure to use the exact words of the statute. *Anderson v. Bigelow,* 16 Wash. 198, 47 Pac. 426.

Referring now to the second point urged under the motion, the record discloses that the appeal is not from a judgment for the recovery of money, but is from a judgment confirming a special assessment for local improvements, on appeal to the superior court from the city council of the city of Seattle. It is therefore manifest that the judgment could not be stayed without an order of the court fixing an amount for a supersedeas bond. The record neither discloses that the court ever fixed any amount, nor that appellant ever asked for such an order. The amount of the obligation stated in the bond as given is $300. While it contains some of the recitals of an ordinary supersedeas bond, yet inasmuch as the necessary preliminary step to effect a stay of such a judgment was not taken, it could in no event have become a stay bond, regardless of the amount stated in it. Under such circumstances the bond is a mere nullity in respect to the stay, and from its own recitals we think it is also clear that it was not intended as a supersedeas bond. It limits liability to "all costs, etc., not exceeding in amount or value the above named original judgment besides costs on appeal." Liability is therefore limited merely to the judgment of $18.90 costs, the amount adjudged below, and to the costs on appeal. Thus it clearly appears that there was no intention to stay proceedings under the judgment confirming the assessment roll. The bond is sufficient in form and amount as an ordinary appeal bond, and any sur-

plus recitals ordinarily used in a stay bond are merely immaterial. *King v. Branscheid,* 32 Wash. 634, 73 Pac. 668. The motion to dismiss the appeal is denied.

Appellants are the owners of certain real estate in the city of Seattle, and the city sought to assess said property for the purpose of paying the costs and expenses of regrading Pike and East Pike streets. They filed with the city council written objections to the assessment roll. The objections were overruled, and the objectors appealed to the superior court. When the matter came on for hearing in that court it was urged by the city that, in the consideration of the appeal, the superior court was restricted to matters appearing upon the face of the transcript certified by the city clerk. This view was adopted by the trial court, and all evidence offered in support of the objections to the assessment was rejected. Judgment was entered confirming the assessment roll, and from that judgment this appeal is prosecuted.

It is contended by appellants that the court erred in refusing to hear testimony on the appeal. This subject involves an examination of chapter 118 of the session laws of 1901 [Laws 1901, p. 240], which is an act authorizing the levy and collection of special assessments for local improvements in cities of the first class. Section 2 of the act provides for filing with the city council written objections to the assessment roll, and also that the decision of the council or other legislative body may be reveiwed by the superior court on appeal thereto. It is provided that the court shall hear and determine the appeal without a jury, and shall confirm, correct, modify, or annul the assessment, in so far as the same affects the property of the appellant. The superior court appears to have construed the statute as conferring upon that court only the ordinary review powers of an appellate court, with no power to hear and consider evidence that was not heard by the subordinate tribunal and duly certified by it.

We do not believe that such was the intention of the legislature. If such were the case, a protestant would be compelled to fully and at length introduce his evidence before the city council, preserve the same, and take it to the superior court, or he could not secure a review upon the facts. The statute provides no method whereby a protestant can compel the attendance of an unwilling witness before the city council, and no other method is provided for obtaining his testimony. There is neither provision for administering oaths to witnesses who may appear before the council, nor for certification to the superior court of any testimony taken. The statute specifies a copy of the notice of appeal, a transcript of the assessment roll, a copy of the objections filed with the city clerk, and of the order of the council confirming the assessment roll, as necessary to be certified on appeal, and then adds: "and the record of the council or other legislative body with reference to said assessment." The term "record," as used, cannot reasonably be said to include the testimony, but rather refers to such record as the minutes of the proceedings of the council upon the subject. Doubtless the purpose of the written objections is to bring to the attention of the council the fact that the correctness of the assessment is challenged, and the reasons therefor. An opportunity is thus given for further and more complete investigation by the council, if it shall be disposed to enter upon it. But the statute evidently did not contemplate that a protestant can demand the hearing of testimony as a matter of right, together with a full and exhaustive investigation of a judicial nature before a nonjudicial body. That right should, however, be accorded him somewhere, and we think the statute contemplates that he shall have it in the superior court, a tribunal possessing all the necessary attributes and powers for judicial determination. When, therefore, an objector has properly, in writing, called the attention of the city council to his reasons for protesting

against the assessment, and has duly appealed, he is entitled to submit, and have considered on the appeal, all competent evidence he may offer in support of his objections.

Certainly, much of the evidence offered, as disclosed by the statement of facts, was material and vital in support of the issues raised by the objections. The court did not undertake to pass upon its materiality or competency, but rejected all evidence for the reasons aforesaid. There are, therefore, no assigned errors before us for review as to the rejection of evidence for want of competency. The error of the court consisted in trying the case as a whole upon a wrong theory, and in view thereof it remains for us to consider what shall now be done with the case on this appeal.

The statute authorizing the appeal to this court states as follows: "And the supreme court on such appeal may correct, change, modify, confirm, or annul the assessment in so far as the same affects the property of the appellant." It does not follow, however, that no other power resides in this tribunal in such a case as is now before us. The statute has in view a case which is fully here on appeal, so that intelligent action may be taken. This case is not so here, but it is not because of any fault of appellants, and they should not be left without opportunity to submit their evidence and be heard thereon. The statute undoubtedly intends that this court shall review and determine the facts as well as the law questions involved and, in aid of our jurisdiction to do so, we doubtless might remand the case for the taking of testimony to be returned here for our examination. But we believe the whole case should be heard and determined by the superior court. The determination of that court may put an end to the contest. We therefore think the case should be remanded to the superior court, with instructions to vacate the judgment appealed from, and then proceed to a full trial and judgment upon all questions of law and fact involved, permitting the formal introduction of testimony, and hearing and determining the

case as is done in equity causes. It is so ordered, and appellants shall recover their costs on this appeal.

MOUNT, C. J., FULLERTON, CROW, RUDKIN, ROOT, and DUNBAR, JJ., concur.