[No. 12038.  Department One.  May 14, 1917.]

AMBROSE FRED COLVIN *et al., Respondents,* v.
DELBERT CLARK, *Appellant.*[1]

APPEAL—RECORD—REVIEW—MEMORANDUM OPINION.  In an action
at law, a memorandum opinion of the trial judge cannot be regarded
as a finding of fact and conclusion of law, as Rem. Code, § 367, re-
quires formal findings to which exceptions may be taken.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered September 15, 1913, in
favor of the plaintiffs, in an action on contract, tried to the
court.  Reversed.

*Troy & Sturdevant,* for appellant.
*Thomas M. Vance* and *Harry L. Parr,* for respondents.

ON RECALL OF REMITTITUR.

PER CURIAM.—The remittitur in this case was recalled
upon petition of the respondent, in which it was suggested
that the court had overlooked certain motions which were
made a part of the petition and which should not have been
decided without some affirmative expression of the court.  The
motions were, (1) for leave to file a supplemental transcript
showing the complete record in the court below; (2) that the
judgment of this court be suspended pending the making of
findings of fact and conclusions of law by the trial judge; (3)
for a rehearing on the merits; and (4) for a retaxation of
costs.

The thing sought to be done is to supply a memorandum
opinion rendered by the trial judge and to have the same con-
sidered as a finding of fact and a conclusion of law.  The
memorandum opinion was filed with the petition.  The atten-
tion of the court is directed to the case of *Mallory v. Olympia,*
75 Wash. 245, 134 Pac. 914, where it is said:

[1]Reported in 165 Pac. 101.

"The court not making findings, but sustaining the contention of the city in a memorandum decision in which it was said: . . .

"This decision, while not made as a finding, is in the nature of a finding of fact and conclusion of law upon the issues submitted to the lower court, and will be here treated as such."

Since the case of *King County v. Hill*, 1 Wash. 63, 23 Pac. 926, the rule has been that a memorandum opinion of a trial judge was not properly a part of the transcript, and would not be considered as findings or conclusions. The necessity for findings of fact and conclusions of law is found in the statutes of the state, Rem. Code, § 367, which provides that, in all actions at law, the court shall make findings and conclusions. Such findings have the same legal effect as the verdict of a jury, and are treated as such. It is the intent of the statute also that such findings shall be formal, so that exceptions can be made and the attention of the trial judge called specifically to a wrong finding or an unsupported conclusion, thus giving him an opportunity to correct any patent error; exceptions in such cases being the counterpart of a motion for a new trial where cases are tried to a jury. In this case, appellant requested findings so that proper exceptions could be entered. To now hold that the memorandum opinion of the trial judge is a finding of fact and conclusion of law would leave us in the situation of denying the right of appellant to try out the merit of his case on appeal, for no exceptions were filed by him and our only duty, under a long line of cases, would be to affirm the judgment on the finding.

In *Gould v. McCormick*, 75 Wash. 61, 134 Pac. 676, Ann. Cas. 1915A 710, 47 L. R. A. (N. S.) 765, and in *Gust v. Gust*, 70 Wash. 695, 127 Pac. 292, the court held that such a memorandum could not be considered as findings of fact and conclusions of law.

The remark of the court in the *Mallory* case, *supra*, was inadvertent as well as unnecessary, for the suit was for equitable relief. In such cases, findings of fact and conclusions

of law are not essential, however helpful they may be to the appellate court, for the case is tried *de novo* without reference to the opinion or conclusions of the trial judge. *Slyfield v. Willard,* 43 Wash. 179, 86 Pac. 392; *White Crest Canning Co. v. Sims,* 30 Wash. 374, 70 Pac. 1003; *Knowles v. Rogers,* 27 Wash. 211, 67 Pac. 572; *Wintermute v. Carner,* 8 Wash. 585, 36 Pac. 490; *Enos v. Wilcox,* 3 Wash. 44, 28 Pac. 364; *Kilroy v. Mitchell,* 2 Wash. 407, 26 Pac. 865.

It follows that our opinion as rendered in *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419, must stand. This disposition of the case makes it unnecessary to pass upon the question of costs, for, under the settled practice, costs follow a reversal or a substantial modification.