[No. 13959. *En Banc.* September 19, 1917.]

## In the Matter of the Appeal of W. M. PATTERSON et al.[1]

APPEAL—STATEMENT OF FACTS—NOTICE OF FILING—WAIVER. Rem. Code, § 389, providing that a copy of the proposed statement of facts shall be served on the adverse party and written notice of the filing thereof on any other party who has appeared in the action, is not jurisdictional and may be waived.

SAME—RECORD—OPINION. An opinion of the trial judge which does not purport to be findings of fact is not properly a part of the statement of facts, and will be struck out on motion as pertinent to the question of costs.

SAME—BRIEFS—CONTENTS. An opinion of the trial judge citing authorities may be included in the brief on appeal by way of argument.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—APPEAL FROM ASSESSMENT—RECORD. Failure to bring up the original improvement ordinance does not affect the jurisdiction of an appeal from an order confirming a local assessment, in view of Rem. Code, § 7892-22, providing that there shall be brought up the assessment roll, the objections thereto, together with the ordinance confirming the roll, and the "record" of the council.

SAME—IMPROVEMENTS—ASSESSMENTS—OBJECTION. The objections to an assessment roll, although somewhat general, are sufficient where they clearly suggest the invalidity of the assessment and the record upon which the invalidity was based, showing on the face of the record that the property was not liable to assessment.

SAME—ASSESSMENTS—AGREEMENTS. A stipulation in a petition for an improvement waiving exemption from assessment is capable of abrogation by a subsequent agreement.

SAME—ASSESSMENTS—AGREEMENTS—WAIVER BY CITY—ESTOPPEL. Both upon the principle of estoppel and *res adjudicata*, a city cannot levy a supplemental assessment, where the city attorney, in open court, in consideration of an award of only nominal damages, had agreed that the property should not be assessed and the city had ratified the agreement by striking the property from the assessment roll.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 27, 1916, confirming an

[1]Reported in 167 Pac. 924.

assessment.roll for a public improvement, upon appeal from the city council. Reversed.

*H. D. Moore*, for appellants Patterson.

*Irvin E. DeRoy* and *Byers & Byers*, for appellants Rosenberg *et al.*

*Baxter & Jones, John A. Homer, Hughes, McMicken, Dovell & Ramsey*, and *Otto B. Rupp*, for appellants MacLachlan *et al.*

*Wright, Kelleher & Allen*, for appellant Redelsheimer.

*Hugh M. Caldwell* and *Walter F. Meier*, for respondent.

FULLERTON, J.—In the year 1906, the city of Seattle formed local improvement district No. 1,345, under ordinance No. 13,776, for the purpose of cutting down what was known as Denny Hill, widening Third, Fourth and Fifth avenues, and regrading and improving certain of the streets within the district. In the petition of the property owners for this improvement, the signers stipulated "to pay their just and proportionate share of the cost of improving each such district irrespective of any award of damages that may be made in favor of any individual property owner in the condemnation proceeding herein petitioned for." This stipulation was signed by all these appellants or their grantors, with the exception that the grantor of appellant Redelsheimer struck out the words "irrespective of any award of damages" before signing. The trial in the condemnation proceedings was had in 1907, which, in so far as these appellants are concerned, involved the issue of damages and benefits for the appropriation of twelve feet off their lots for widening the streets, and the injury to the remainder resulting from the appropriation and the changing of the grades. The lots of appellants were all improved with buildings varying in value, according to the city's witnesses at the trial, from $4,500 to $16,000, whose removal was necessitated by the proposed cutting down of the hill. The jury were instructed

that they should take into consideration the damage and special benefits and offset any damages by special benefits the property would receive by reason of the improvement; that, if they determined the special benefits exceeded the damages, they should return a verdict of no damages; but if they found that the damages exceeded the special benefits, they should find a verdict of the amount of the damages, excluding, however, everything over one dollar, because there had been a waiver by the appellants in open court of all damages over special benefits above one dollar. The jury returned a verdict in favor of appellants, awarding various sums for taking portions of their lots for street purposes, and a verdict of one dollar as damages to the remainder of the lots, and one dollar damages by reason of the changing of the grades and the regrading of the streets. This consent of the appellants to the verdict in their favor of nominal damages only was because of an agreement with the legal representative of the city to the effect that they should not be subjected to an assessment for the cost of the improvement if they would not contest their right to damages for the loss of their buildings. Under the law they would not have been liable to an assessment if they had obtained judgment for damages, were it not for the waiver of such exemption in their petitions, and the object of this agreement in open court was to accomplish the abrogation of that waiver of exemption. Judgment on the foregoing verdict was rendered in March, 1907, and no appeal was taken therefrom.

Later, under ordinance No. 14,993, an assessment roll for the cost of this improvement was made up by the city, in which was included the lots of these appellants. On being informed by the corporation counsel that he had agreed in court that no assessment would be levied against the property of appellants if they would agree to accept a verdict and judgment for nominal damages for the injuries to their holdings, the city struck the property of appellants from the roll as originally made up. The assessment as thus re-

duced failed to realize sufficient to cover the cost of the improvement, and in the year 1915 the city, under the sanction of Rem. Code, § 7892-37, sought to impose a reassessment on appellants' property as having been omitted from the original assessment by inadvertence or mistake. This statute was passed in the year 1911, two years subsequent to the making of the original assessment. The supplemental assessment, made pursuant to ordinance No. 35,383, was confirmed by the city council over the objections of these appellants, who appealed to the superior court. The appeals were filed as seven separate causes of action, but were consolidated for the purposes of trial. After a trial in which evidence on the merits was introduced, the superior court gave judgment confirming the assessment roll, based, as indicated by the memorandum decision of the judge, upon the ground that the exceptions taken to the roll by the objectors were insufficient to raise the questions suggested by the proofs, and particularly that the objections were insufficient to raise the issue of an abrogation by the city of the waiver of assessment exemption contained in the petition for improvement. From the judgment confirming the roll, appeal is taken to this court.

In this court the respondent moves to strike the statement of facts and the abstracts of record founded thereon, for the reason that written notice of the filing of the statement of facts for settlement and certification was not served upon the sureties on the bonds of the various appellants filed in the superior court to secure the city for the costs to which it might be put by reason of the appeal to the superior court from the confirmation of the assessment roll. This motion is based upon the settled practice in this court requiring the notice of appeal to be served upon the sureties who would be affected by the appeal. Counsel for the city contend that, by analogy, the same rule requires that such sureties be served with notice of the filing and settlement of a statement of facts. But the reason for the rule in the one case does not

apply in the other. Notice of appeal is held to be jurisdictional in its nature, and that the statute requiring the party appealing to serve notice thereof on all adverse parties (Rem. Code, § 1720) required service upon the sureties of the adverse parties as well as the principals. But while the code (Rem. Code, § 389) provides that a copy of a proposed statement of facts shall be served on the adverse party and "written notice of the filing thereof on any other party who has appeared in the cause," the requirement is not jurisdictional and, not being so, is subject to waiver by them, and a waiver duly executed by all the sureties upon the cost and appeal bonds of the appellants is among the records on this appeal. The motion to strike the statement of facts and abstracts is denied.

The respondent also interposes a motion to strike from the statement of facts and from the brief of one of the appellants the memorandum decision of the trial court, on the ground that the same is not properly a part of the statement of facts or of the record on appeal. In *King County v. Hill*, 1 Wash. 63, 23 Pac. 926, we held that the written opinion of the trial judge, disclosing his views on various points, with the authorities cited, and which did not purport to be a finding of facts, was not properly a part of the transcript on appeal, and that a motion to strike was well taken. See, also, *Colvin v. Clark*, 96 Wash. 282, 165 Pac. 101. This is the generally accepted rule in other jurisdictions. *Pennsylvania Co. v. Versten*, 140 Ill. 637, 30 N. E. 540, 15 L. R. A. 798; *Phenix Ins. Co. of Brooklyn v. Fuller*, 53 Neb. 811, 74 N. W. 269, 68 Am. St. 637, 40 L. R. A. 408. The case of *Pennsylvania Co. v. Versten* held that opinions of the appellate court were not a part of the record on appeal to the supreme court, and that the clerk could not make them so by writing them into the record. But, while such opinion may not be treated as part of the record, we see no objection to its incorporation in a brief by way of argument as the decisions of various courts are cited. The motion of respond-

ent to strike the opinion of the trial judge is pertinent to the question of costs in this court and is granted; otherwise, as to the motion addressed to the same opinion in the brief of appellants Rosenberg and Lobe.

At the time of the trial in the court below and also in this court, the respondent urged the objection that the superior court was without jurisdiction of the appeal from the order of the city council confirming the reassessment roll, for the reason that the original local improvement ordinance was not included in the record presented to that court. The code (Rem., § 7892-22) provides that, on taking an appeal from an order confirming an assessment roll, the appellant shall file "a transcript consisting of the assessment roll and his objections thereto, together with the ordinance confirming such assessment roll, and the record of the council or other legislative body with reference to said assessment." In construing this statute in *Goetter v. Colville*, 82 Wash. 305, 144 Pac. 30, we said:

"By this statute the appeal becomes effective by giving the notice therein required, and by filing a transcript within the time specified, which shall contain, (a) the assessment roll, (b) the objections thereto, (c) the ordinance confirming the same, and (d) the record of the council with reference to the assessment."

It will be noticed that this statute does not specify the local improvement ordinance as a necessary part of the record, unless it is impliedly included under the term "record of the council with reference to the assessment." The case of *Ahrens v. Seattle*, 39 Wash. 168, 81 Pac. 558, in passing upon the phraseology of a similar statute, held that "the term 'record,' as used, . . . refers to such record as the minutes of the proceedings of the council upon the subject." We think the transcript prepared by the clerk of the city council complied with the statute governing appeals from the confirmation of assessment rolls, and that a sufficient record was presented to the superior court to confer upon it jurisdiction to hear and determine the appeal.

On an appeal from the confirmation of an assessment roll, the court is limited to a consideration of the objections presented to the city council. Rem. Code, § 7892-21, requires that objections to an assessment roll shall be in writing and filed with the city council; that "all objections shall state clearly the grounds of objections," and that those not made in the manner prescribed "shall be conclusively presumed to have been waived."

It is the contention of respondent that objections of the appellants did not present to the council the main defense relied upon by them at the trial and on this appeal. The defense is that the waiver of exemption from assessment allowed by law where property had been damaged, which the petitioners for the improvement had entered into, was abrogated by the subsequent agreement between them and the legal representative of the city. But it is not required that objections presented to a city council in opposition to an assessment roll shall have all the nicety, formality, and exactitude of court pleadings. If the protest is clear enough to put the council to a consideration of it, it is sufficient to sustain a right of appeal. *Real Estate Inv. Co. v. Spokane*, 59 Wash. 416, 109 Pac. 1057.

The objections here presented, while somewhat general, clearly suggested the invalidity of the assessment and the record upon which the invalidity of the assessment was based, namely, the record and judgment in the condemnation proceedings. On the face of that record, their property was not liable to a subsequent assessment. They were awarded damages in excess of all benefits, and this, under the rule announced by this court in *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, precluded an assessment on their remaining property damaged by the proceedings, in the absence of an agreement to the contrary. The city, in order to overcome the effect of the judgment, was obliged to show the written waiver. When this was done, the question was at large and the objectors were permitted to show any subsequent agree-

ment or consideration which would abrogate or destroy the effect of the agreement. We think the objections sufficient.

There is no question that the council were fully apprised of the agreement and the nature of it. They took the position, however, that the stipulation originally made by the petitioners constituted a binding agreement not capable of waiver or subsequent abrogation. In this they were mistaken. We hold, therefore, that the objections filed before the council were sufficient to raise the question of the legality of the assessment, and to bring the particular objection now urged before the superior court for determination.

The legal effect of the agreement presents the main question in this case. That property owners who sign a petition for a local improvement, wherein they stipulate to waive exemption from assessment by reason of damages, are estopped from contesting the validity of the assessment made on their property, is a settled rule in this state. *Seattle School District No. 1 v. Seattle,* 63 Wash. 245, 115 Pac. 173. See, also, *James v. Seattle,* 57 Wash. 318, 106 Pac. 1114; *Michaelson v. Seattle,* 63 Wash. 230, 115 Pac. 167. It is also the settled rule that such an agreement, like any other agreement, may be abrogated by the parties thereto by a subsequent agreement. *James v. Seattle,* 57 Wash. 318, 106 Pac. 1114; *Seattle School District No. 1 v. Seattle, supra; Hapgood v. Seattle,* 69 Wash. 497, 125 Pac. 965; *Richardson v. Seattle,* 97 Wash. 371, 166 Pac. 639.

The evidence in the record makes it clear that the city's representative, concluding it was for the best interests of the city, in view of the fact that the value of appellants' improvements upon their respective lots might entitle them to damages in excess of the amount for which they would be assessable, agreed in open court that, if appellants would content themselves with a dollar judgment for damages, no assessment would be levied upon their property; and that a judgment was entered carrying into effect the agreement. The agreement was subsequently ratified by the city council ·by

striking the appellants' property from the assessment roll, in which it had been inadvertently included, when the agreement was called to their attention. On the principle of both *res judicata* and estoppel, therefore, we hold that the city has no authority to levy the assessment here in question on the property of the appellants. This conclusion renders it unnecessary to discuss other questions suggested by the briefs.

The judgment of the superior court is reversed, with instructions to direct a cancellation of the assessments upon the appellants' property.

ELLIS, C. J., HOLCOMB, MOUNT, MAIN, WEBSTER, PARKER, and CHADWICK, JJ., concur.