## FALLS *v.* WRIGHT.

Decided March 12, 1892.

*Judgment—Jurisdiction of subject matter—Dower.*

> Upon a widow's petition the probate court appointed commissioners to assign dower to her in lands described in her petition. In addition to dower therein, the commissioners assigned dower in land of the estate not included in the petition. *Held*, The judgment of the probate court confirming the action of the commissioners in assigning dower in land not included in the petition was aside from the issue presented and void.

APPEAL from *Sevier* Circuit Court.

RUFUS D. HEARN, Judge.

The appellants *pro se.*

1. As the petition for dower did not include this tract, the judgment of the probate court assigning her dower was void.

2. There being no life estate intervening, the statute commenced to run from the date of the sale, and appellee is barred. 48 Ark., 230.

The appellee *pro se.*

1. The failure to include the land in the petition for dower did not affect the judgment. The court had jurisdiction, and its confirmation of the commissioner's report was sufficient. The appellee's right did not accrue until the expiration of the life estate. 53 Ark., 400; 42 *id.*, 361; Angell on Lim., 371-2. Dower and homestead may exist in the same premises at the same time, as they are not inconsistent. Mansf. Dig., sec. 2589; 51 Ill., 203; 50 *id.*, 477; Rorer, Jud. Sales, sec. 1424; Thomp., H. & Ex., 555.

HUGHES, J. The appellee brought this suit in ejectment to recover the northwest quarter of northeast quarter of section 1, in township 11 south, range 30 west. He deraigned title by inheritance from his father, James Wright, who died in 1869 in possession and occupancy of the land as a part of his homestead.

The appellants claimed title to the land by deed from one

Wallace and an administrator's deed to Wallace, made pursuant to a sale by the administrators of the estate of James Wright, which was made by order of the probate court directing the sale of a pre-emption right to enter the land as swamp land, which right was supposed to be in James Wright at the time of his death, and to be all the interest he had in the land. There was proof, however, tending to show that James Wright had obtained a patent from the State for the land on the 4th day of February, 1882. The effect of this it is, in this case, unnecessary to discuss. The answer of the appellants also denied the plaintiff's title, and set up the statute of limitations of seven years.

At the date of his death James Wright, the plaintiff's father, left his widow, Rebecca Wright, the appellee and other children, his heirs, him surviving. Upon the petition of the widow making all the heirs parties, the probate court in 1873 appointed commissioners to set aside to the widow dower in the lands of her late husband's estate, which were described in the petition praying for the assignment of dower. The land in controversy here was not mentioned or described in said petition. The commissioners made their report showing that they had assigned to the widow 160 acres of land as dower, including and describing the land in controversy, which had not been mentioned or described before in the proceeding for the assignment of dower, so far as the record shows. The probate court approved the report of the commissioners, and made an order assigning dower to the widow, according to the report, including this land in controversy.

In 1874, the probate court upon application of the administratrix and administrator, who were the widow, Rebecca Wright, and her son, George Wright, ordered this land sold. It was sold, and the sale was reported to and confirmed by the probate court at the January term, 1875, and at the same term of the court the order of confirmation was set aside, the court having discovered, as is stated, that the estate of James Wright had only a right of pre-emption to enter said

land as swamp land unconfirmed. At the same term of the court an° order was made that the administrators sell the supposed pre-emption right, which they did, and made a report of the sale to the court ; which report was not approved, nor was the sale confirmed, the court having discovered, as it supposed, by this time, that James Wright did have a title to the land, and that it had been assigned to the widow as dower. The purchaser of the supposed pre-emption right appealed from the order of the probate court refusing to confirm the sale, and the circuit court confirmed the sale.

The appellant Falls bought this land of Wallace in 1880, and has been in adverse possession claiming to own it ever since.

The appellee, B. L. Wright, was 14 years old when his father died in 1869. He was therefore 21 years old in 1876. The widow Rebecca Wright died in 1889. This suit was brought in 1890. It follows therefore that, if the statute of limitation began to run against the appellee before the death of the widow and the determination of her life estate, if she had such estate in the land, that the plaintiff's action was barred when the suit was brought, the life estate of the widow alone being relied upon to prevent the running of the statute of limitations during its continuance. The circuit court found the facts substantially as stated, refused several declarations of law asked for by the appellants, declared the law, and gave judgment for appellee, holding his title good under the swamp land patent to his father, which question we do not consider or determine, and holding also that the widow's dower or life estate in the land prevented the running of the statute of limitations till after its determination.

Whether the probate court could assign dower to the widow in the homestead or not, and whether James Wright had title to the land, we do not determine.

Had the probate court jurisdiction to assign the land in controversy here to the widow as dower, the land not having been mentioned in her petition for dower, but mentioned and described in the report of the commissioners assigning

dower to the widow, and by them allotted to her as such?
Is the judgment of the probate court void, or is it valid
against collateral attack?

The probate court is a superior court with general juris-
diction over the matters committed by law to its peculiar
cognizance; and when its judgment is attacked collaterally,
jurisdiction appearing, its proceedings are conclusive upon
all persons until reversed or set aside by a direct proceed-
ing for that purpose, however erroneous they may be.
*Montgomery* v. *Johnson,* 31 Ark., 74; *Borden* v. *State,* 11
Ark., 519.

"Jurisdiction may be defined to be the right to adjudi-
cate concerning the subject matter in the given case. To
constitute this there are three essentials: First. The court
must have cognizance of the class of cases to which the one
to be adjudged belongs. Second. The proper parties must
be present. And, Third. The point decided must be, in
substance and effect, within the issue. * * * A judg-
ment upon a matter outside of the issue must, of necessity,
be altogether arbitrary and unjust, as it concludes a point
upon which the parties have not been heard. And it is
upon this very ground that the parties have been heard, or
have had the opportunity of a hearing, that the law gives so
conclusive effect to matters adjudicated. And this is the
principal reason why judgments become estoppels. * * *
In the note to the Duchess of Kingston's case, in 2 Smith's
Leading Cases, 535, Baron Comyns is vouched for the propo-
sition that judgments 'are conclusive as to nothing, which
might not have been in question, or was not material.' For
the same doctrine, that in order to make a decision conclu-
sive not only the proper parties must be present, but that
the court must act upon 'the property according to the
rights that appear' upon the record, I refer to the authority
of Lord Redesdale. *Giffard* v. *Hort,* 1 Sch. & Lef., 408;
*Gore* v. *Stacpoole,* 1 Dow, 30; *Colclough* v. *Sterum,* 3 Bligh,
R., 186 " *Munday* v. *Vail,* 34 N. J. Law, 420.

The case of *Corwithe* v. *Griffing,* 21 Barb., 9, was a case

where commissioners in partition in their distribution embraced lands other than that contained in the petition, and the court confirmed their report; and it was held that such judgment was a nullity, " as the jurisdiction was confined to the subject matter set forth and described in the petition." " In this case the court had jurisdiction in cases of partition, and the decision was upon the ground that the decree was void, as it was aside from the issue which the proceedings presented." *Munday* v. *Vail*, 34 N. J. Law, *supra; Reynolds* v. *Stockton*, 43 N. J., Eq., 211.

In the case at bar, the land in controversy was not described or included in the widow's petition for dower; there was no issue as to whether she was entitled to dower in it. The judgment of the probate court assigning it to her as dower was aside from the issue which the proceedings presented, and was therefore void.

It follows that the widow had no life estate in this land, the existence of which would have barred an action for it by the appellee till after its termination at her death. The appellee, having arrived at full age in 1876, should have brought his action within three years from his majority. The action was brought in 1890. The appellants appear to have claimed title to and had adverse possession of the land since 1880. According to the evidence contained in this record, the appellee's cause of action was barred ten years years before his suit was brought.

The judgment is therefore reversed, and the cause is remanded for a new trial.