[No. 8153. Department One. February 11, 1910.]

A. L. BROWN et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—PROCEEDINGS—ASSESSMENTS—EMINENT DOMAIN. Where it is necessary to exercise the power of eminent domain in order to make a municipal improvement, the entire proceedings need not be completed under the eminent domain act, Rem. & Bal. Code, § 7768, which was designed solely to ascertain and assess the compensation; and the city may order the work done and levy the assessment under its charter provisions and ordinances, and not in the condemnation proceedings.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR. Error in excluding evidence is cured where it was subsequently admitted.

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—CONFIRMATION—FINDINGS—NECESSITY. The hearing in the superior court upon the confirmation of a city assessment roll for public improvements, is not the trial of an action at law in which findings of fact are required.

[1]Reported in 106 Pac. 1113.

SAME—REVIEW. The confirmation of a local municipal assessment will not be set aside upon appeal upon conflicting testimony evenly balanced, especially where there is nothing to indicate unfairness or partiality, and the city council spent much time in equalizing the assessments.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 22, 1909, confirming an assessment for street improvements, upon an appeal from confirmation by a city council. Affirmed.

*Chas. E. McAvoy* and *J. L. Corrigan,* for appellants.

*Scott Calhoun, H. D. Hughes, O. B. Thorgrimson,* and *Leander T. Turner,* for respondent.

FULLERTON, J.—This is an appeal from an order and judgment of the superior court of King county confirming an assessment roll. In May, 1906, certain persons owning more than one-half of the property abutting upon and lying adjacent to Third, Fourth, and Fifth Avenues, between the intersection of these streets with Pine street on the east and Cherry street on the west, in the city of Seattle, petitioned the city council of that city to widen and regrade these avenues, with their intersecting cross streets, in accordance with certain specifications which were set forth in the petition. The city council thereupon by ordinance adopted the specifications set out in the petition, and directed that proceedings be begun under the eminent domain statute to condemn the property the widening of the street and the change of grade would take and damage. Subsequently proceedings in condemnation were had, and the compensation required to be made to the holder of property taken and damaged was ascertained, and an assessment made to pay the same. Thereafter the city passed another ordinance directing the improvement to be made, under which a contract for the grading was let and an assessment made to pay the cost thereof.

In this assessment, two lots, the property of the appellant Brown, were assessed at $4,734.84 and $3,523.08, re-

spectively, and two certain other lots, the property of the appellant Anderson Investment Co., were assessed at the same figures. The owners conceived these assessments unjust and disproportionate to the rates like and similar property was assessed, and filed written objections with the city council setting out their objections to the roll. These objections were overruled by that body, whereupon they appealed to the superior court. There again the roll was confirmed, and from the order of confirmation they appeal to this court.

The appellants, by their counsel, first suggest a question of jurisdiction. It is argued that where it is necessary to exercise the power of eminent domain in order to make a public improvement, the entire improvement must be completed in the eminent domain proceedings; that the improvement is in one proceeding, and one part cannot be done in the eminent domain proceedings and another part in a proceeding before the city council. But we do not think this contention tenable. The provision of our state constitution forbidding the taking or damaging of private property for a public use until just compensation has been made to the owner or paid into court for him, necessitates ascertaining the compensation and levying and collecting an assessment to pay the cost of the property taken or damaged before any work at all on the actual improvement is performed. A very casual reading of the eminent domain statute (Rem. & Bal. Code, § 7768 *et seq.*) will show that it was designed solely to ascertain and assess this compensation. It does not provide for letting the contract for doing the actual work nor for levying an assessment on the property benefited to pay the cost of such work. The city is therefore free to order the work done under its charter provisions and ordinances passed pursuant thereto and levy an assessment to pay the cost thereof.

The second contention is that certain evidence offered on behalf of the appellants at the hearing in the superior court

was improperly excluded, but we do not find that the record sustains this contention; the evidence offered, it is true, was excluded when first presented, but the court subsequently permitted it to be introduced. If any error was committed in excluding it when first offered, the error was cured by its subsequent admission.

The court made no findings of fact or conclusions of law other than such as the judgment entry contains. This is assigned as error, but we think no such findings or conclusions were necessary. The hearing before the superior court is not the trial of an action at law in the sense defined in the code which makes such findings and conclusions necessary. The court but sits in review of the findings of the assessing board, and no findings or conclusions are required further than those necessary to make clear the judgment of the court.

The fourth and last contention questions the conclusions made by the court upon the evidence. Three witnesses, dealers in real estate, testified to the inequalities in the roll with special reference to the appellants' property, saying that it was assessed too high as compared with other properties in the assessment district. On the other hand, an equal number, equally qualified, testified to the correctness of the roll. It was shown, furthermore, that the city council itself acting as a body and through committees spent much time in preparing the roll, and in correcting inequalities in it on complaints that seemed to them just. The roll on its face contains nothing that indicates unfairness, partiality or inequality, and under these conditions we can do nothing more than approve it.

The judgment will stand affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.