[No. 8152.  Department One.  February 11, 1910.]

## J. A. JAMES et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

HUSBAND AND WIFE—ACTIONS—JUDGMENT—VALIDITY—WAIVER OF ERROR.  Where a husband and wife, represented by counsel, are entitled to a judgment on a verdict relieving their property from a special assessment, but a different judgment is entered upon the stipulation of the husband alone, the same is not void, but merely erroneous, and the wife cannot complain where she did not move to correct it, or appeal therefrom.

ESTOPPEL—JUDGMENTS—ACCEPTING BENEFITS.  Where parties accepted the benefits of an award of damages given by a judgment in condemnation, they are estopped to assert that the judgment was void because entered upon an unauthorized stipulation.

MUNICIPAL CORPORATIONS—AUTHORITY OF OFFICERS—JUDGMENT—VALIDITY.  A judgment in condemnation proceedings by a city, upon the stipulation of city officers entitled to represent the city, is not void for want of authority of the officers to make the stipulation, where the court had jurisdiction of the subject-matter and the parties, and cannot be repudiated by the adverse party for the city.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 23, 1909, confirming an assessment for street improvements, upon an appeal from confirmation by a city council.  Affirmed.

*Chas. E. McAvoy* and *J. L. Corrigan*, for appellants.

*Scott Calhoun, Howard D. Hughes, O. B. Thorgrimson*, and *Leander T. Turner*, for respondent.

FULLERTON, J.—This case was heard by the trial court with the case of *Brown v. Seattle, ante* p. 314, 106 Pac. 1113, and a reference to that case is made for a statement of the facts.  The questions presented also with one exception, are the same as those presented in that case.  We will therefore notice only the additional question.

In the condemnation proceedings brought by the city,

[1]Reported in 106 Pac. 1114.

the jury returned a verdict finding that the land taken be-
longing to the appellants was of the value of $1,000, and
that the remainder of their property would be damaged by
the contemplated improvement, over and above all benefits, in
the sum of $1.   Before the judgment was entered on the
verdict, the appellant J. A. James and the respondent city
entered into a stipulation by the terms of which the appellants
agreed, in consideration of the city consenting to the entry
of a judgment on the verdict, to pay any assessment that
might thereafter be levied by the city to pay the costs of
grading the streets in the improvement district, and there-
upon a judgment was entered on the verdict in conformity
with the stipulation.

It is the contention of the appellants that they are not
bound by this provision of the judgment.   The first reason
assigned in the support of their claim is that the appellant
Emerette James did not sign the stipulation, and it is not
shown that her husband had authority to sign on her behalf.
But the validity of the judgment does not depend upon this
stipulation.   This was but a part of the evidence on which
the judgment was founded.   She was a party to the action,
was represented by counsel, and like any other litigant she
must correct errors in judgments entered against her by
moving in the court entering them, or by appeal direct to the
reviewing tribunal.   The judgment, however erroneous it
may be, is not void, and parties cannot repudiate even erron-
eous judgments at their pleasure.   Moreover, this appellant
accepted the benefits of the judgment by accepting the
awards made for her property.   This alone estops her from
claiming that the judgment is void.

The second reason is that the officers representing the
city had no right to make such an agreement.   But here,
again, we repeat that the city was a party to the action and
the judgment was entered therein with the consent of the
persons who had the right to represent the city.   The court
had jurisdiction over the parties and the subject-matter.   Its

judgment therefore is not void, but so far binding that the city itself cannot repudiate it; for a much stronger reason the appellants cannot repudiate it for the city.

It is not to be questioned that, under the rule of the cases of *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106, the appellants were entitled on the verdict of the jury to a judgment that would exonerate them from any further assessments on account of the contemplated improvement, and had they insisted upon it, possibly could have obtained such a judgment. But they chose to accept a judgment waiving that right. Having done so, they are now estopped from claiming it.

There was no error in the order appealed from, and it will stand affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.