[No. 9099.  Department One.  February 28, 1911.]

Seattle Transfer Company, *Appellant*, v. The City of·
Seattle *et al.*, *Respondents*.[1]

Municipal Corporations—Improvements— Assessments—Stipu-.
lations—Ambiguity—Parol Evidence to Explain. Where peti-
tioners for a change of grade stipulated in their petition that
property damaged shall not be assessed in excess of six dollars per·
front foot and reserved the right to recover damages, a stipula-
tion entered into at the trial, whereby it was agreed that their·
property was damaged in the sum of ten dollars and that the same
shall be liable to assessment for the improvement, is based upon a,
new consideration not contemplated when the petition was filed, and
admits of assessment in excess of six dollars per front foot; and
the same is so clear and unambiguous as not to admit of expla-·
nation by parol evidence.

[1]Reported in 113 Pac. 627.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 19, 1910, dismissing an action to reduce a local improvement assessment, after a hearing before the court without a jury. Affirmed.

*James B. Metcalfe* and *John S. Jurey*, for appellant.

*Scott Calhoun* and *King Dykeman*, for respondents.

PARKER, J.—The city of Seattle levied a special assessment upon property of the plaintiff to the extent of $8.68 per front foot, with other property, to pay the expense of improving Jackson street by changing the grade thereof. The plaintiff, by this action, seeks to have the assessment reduced to $6 per front foot; contending that, by reason of damages awarded to it in the condemnation proceeding for injury to its property by the change of grade, and certain stipulations made in connection with that proceeding, the city cannot lawfully charge more than $6 per front foot against the property. A trial resulted in a judgment denying the relief prayed for, and the plaintiff has appealed therefrom.

On October 6th, 1905, a majority property owners' petition was presented to the city authorities asking for a change of the grade of Jackson street, and the improvement of the street at the proposed new grade. Appellant was a signer of that petition, being the owner of property liable to be damaged by the change of grade, and also liable to be assessed for the proposed improvement. Before the grade could be changed it was necessary to institute condemnation proceedings to determine the amount of damages which would result to abutting property by reason of the change of the grade. To the end that the property so damaged would also be subject to assessment to assist in paying the expense of the improvement, the petition contained the following stipulation:

"Your petitioners sign this petition upon the conditions hereinafter stated, and in consideration of the making of

the improvement herein petitioned for, stipulate as follows:

"First: That the undersigned, in signing this petition, hereby expressly reserve the right to claim a just compensation for the damages to their property caused by the grading and regrading of the streets embraced in the district, but agree, notwithstanding that damages may be so awarded to pay not to exceed a cost of six dollars ($6) for each front foot (as defined by the city charter), chargeable to the abutting property so damaged, providing, however, that the limit of assessment of $6 shall not apply to the property within said district not damaged, which said property shall be assessed according to special benefits arising by reason of said improvement; . . ."

Thereafter, on December 18, 1905, the city passed Ordinance No. 13,102, establishing the new grade and providing for the institution of condemnation proceedings to determine the amount of damages thereby resulting to abutting property. Thereafter, on February 9, 1906, the city passed Ordinance No. 13,309, providing for the making of the improvement according to the new grade, and for assessing the expense thereof against the property benefited thereby. Thereafter, on October 8, 1906, the condemnation proceedings came on for trial, when the appellant and city entered into a stipulation in writing as follows:

"It is hereby stipulated and agreed by and between the city of Seattle and the undersigned property owners that a verdict shall be entered in said cause in the sum of ten dollars in favor of the Seattle Transfer Company, as damages to lots 1, 2, 3, 4, 5, 7, 8 and 9, and the north 40 feet of lot 6 and vacated alley, in block 210, Seattle Tide Lands, by reason of the changing of grades and the regrading of Jackson street and other streets as provided by Ordinance No. 13,102; it being expressly agreed between the parties hereto that the entry of said verdict shall not, in any manner, waive the right of the city to assess said property for the cost of said improvement; and said owners hereby expressly agree that said property shall be liable to assessment by the city council for the payment of the actual improvement of said street under Ordinance No. 13,309 of said city."

A verdict was returned accordingly, when the court entered its judgment as follows:

"That the just compensation to be made for the damaging of the following described property, to wit: lots 1, 2, 3, 4, 5, 7, 8 and 9, and the north 40 feet of lot 6, in block 210, Seattle Tide Lands, and the vacated alley adjoining the same, which the Seattle Transfer Company claims to own, or to be otherwise interested in, is the sum of ten dollars ($10): Provided, that said property shall be liable to assessment for the actual improvement of said streets in accordance with the grades established by said Ordinance No. 13,102."

Thereafter appellant received from the city the amount awarded to it by the verdict and judgment, together with its costs, and satisfied the same of record. The city proceeded with the improvement, prepared an assessment roll, and charged the property of appellant $8.68 per front foot as its proportionate part of the expense of the improvement. This assessment was made by the city authorities under Ordinance No. 13,309 and the city charter, to pay for the physical improvement. The matter of assessment by eminent domain commissioners to pay the damages occasioned by the change of grade is not here involved.

The sole contention of learned counsel for appellant is that this assessment, in so far as it exceeds $6 per front foot, is void, and the sole ground upon which this contention is made is that the city had no authority to assess appellant's property more than $6 per front foot, because of the damage resulting to its property by the change of grade and the stipulations entered into, especially the stipulation contained in the petition first above quoted. If the first stipulation was the only one lending support to the assessment, there would be ground for holding that the assessment could not be sustained in excess of $6 per front foot, under the rule announced in *Seattle & Puget Sound Packing Co. v. Seattle,* 51 Wash. 49, 97 Pac. 1093. At the trial counsel for appellant offered in evidence the first stipulation, and

they attempted to introduce oral evidence to show the understanding of appellant and the city when they entered into the second stipulation at the time of the trial. This was for the purpose of inducing the court to construe the second stipulation, together with the first one, as limiting the assessment to $6 per front foot. The court declined to consider the evidence for that purpose, upon the ground that the second stipulation was clear and unambiguous, and hence, could not be explained by oral evidence of any previous understanding between the parties. Also, that it was a new and independent stipulation without reference to the first one contained in the petition.

It is not contended that there was any fraud or mistake in the making of the second stipulation, the purpose of the offer of evidence being only to explain its meaning. We agree with the learned trial court that the language of this second stipulation is so clear and certain as not to require or admit of explanation. The same may be said of the language of the judgment entered in pursuance of the second stipulation. It appears upon the face of this stipulation that it is supported by valuable considerations flowing from each to the other of the parties. The city agreed "that a verdict shall be entered in said case in the sum of $10 in favor of the Seattle Transfer Company as damages," etc. The appellant agreed:

"That the entry of said verdict shall not, in any manner, waive the right of the city to assess said property for the cost of said improvement; and said owners hereby expressly agree that said property shall be liable to assessment by the city council for the payment of the actual improvement of said street under Ordinance No. 13,309 of said city."

This, it seems to us, is an entirely new and independent stipulation from that contained in the original petition, and is based upon considerations not then in contemplation. The first stipulation was made without any thought of the city consenting to a verdict in appellant's favor. We therefore

think that this stipulation must be construed at this time as though it was the only one in the case. And we think it clearly expresses an intention that the city may assess the property as though it was entirely unrestricted by a verdict for damages in appellant's favor.

We are of the opinion that the judgment of the trial court should be affirmed. It is so ordered.

MOUNT, FULLERTON, and GOSE, JJ., concur.