[No. 9266. Department One. April 21, 1911.]

Mark Michaelson *et al.*, *Respondents*, v. The City of Seattle, *Appellant.*[1]

Municipal Corporations — Improvements — Assessments — Authority—Property Damaged—Judgment — Jurisdiction — Presumptions. Under Laws 1905, p. 92, § 22, prohibiting the assessment for benefits of lands found by the jury or court to be damaged, a judgment, on a verdict awarding damages, adjudicating that the land is also liable to assessment, while outside of the ordinary issues provided by statute or settled by the verdict, is not necessarily void for want of jurisdiction appearing on its face, since such adjudication may have been submitted on stipulation or consent, and it is *prima facie* valid as a judgment of a court of general jurisdiction, although it did not recite the jurisdictional facts authorizing the assessment.

Same—Assessments—Judgment—Vacation—Want of Jurisdiction—Evidence—Admissibility. An action by property owners to cancel an assessment for benefits upon lots which the jury had found to be damaged, in violation of the statutory prohibition, and to vacate that portion of the decree entered on the verdict which adjudicated that the lots were also liable to assessment, on the ground that the same was outside the issues and beyond the jurisdiction of the court, is a direct attack upon the decree; and the plaintiffs are entitled to overcome the presumption of jurisdiction

[1]Reported in 115 Pac. 167.

by evidence that such adjudication was not upon any issue involved in the case, that they never had any notice of any such issue, by pleading, or stipulation, or any notice of such portion of the judgment, which would accordingly be void for want of jurisdiction.

SAME—ESTOPPEL TO ATTACK JUDGMENT—ACCEPTANCE OF BENEFITS—NOTICE. Where a judgment on a verdict awarding damages to lands in a condemnation case also adjudicated that the lands were liable to assessment for benefits, contrary to the prohibition of the statute and without any jurisdiction therefor, the property owners are not estopped to attack the assessment and such adjudication by reason of their acceptance of the award of damages and satisfaction of the judgment on the execution docket, in ignorance of the invalid portion of the judgment decreeing that the lands were subject to assessment.

COSTS—ON APPEAL—PARTIES ENTITLED—DISCRETION OF COURT. In an action to vacate a judgment for want of jurisdiction and cancel an assessment for benefits, in which the trial court erroneously rejected respondents' offer of evidence to overcome the presumption of jurisdiction, upon objection made by the city, but also erroneously vacated the judgment as void on its face, upon appeal by the city and reversal with remand to receive the evidence excluded at appellant's instance, the costs on appeal are within the discretion of the appellate court, under Rem. & Bal. Code, § 1744, and will be awarded to the respondents, since they were forced into the appellate court wholly without fault.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 25, 1910, in favor of the plaintiffs, after a trial before the court without a jury, in an action to vacate a portion of a judgment rendered in condemnation proceedings, and for the cancellation of an assessment for a public improvement. Reversed.

*Scott Calhoun, James E. Bradford, O. B. Thorgrimson,* and *Leander T. Turner,* for appellant.

*Will H. Thompson* and *Jas. A. Snoddy,* for respondents.

PARKER, J.—The plaintiffs seek to have decreed void a judgment rendered in a condemnation proceeding, prosecuted against them by the city of Seattle, upon a verdict of a jury awarding them damages for injuries to certain lots in the widening and changing of the grade of certain streets, in so

far as the judgment assumes to adjudicate that the lots are liable to assessment for the improvement; and, also, to cancel the assessment levied upon the lots to pay the cost of the improvement. From a decree in the plaintiffs' favor, the city has appealed.

Under chapter 55, Laws 1905, page 84, the city of Seattle, in May, 1906, passed an ordinance providing for the widening and changing of the grades of certain streets in the city of Seattle, for the institution of condemnation proceedings against the owners of abutting property damaged thereby, and for the payment of the cost and expenses thereof by special assessment upon the property benefited by the improvement. Respondents were then, and still are, owners of two lots, portions of which were taken, and the remainder of which abut upon the improvement. Condemnation was commenced and prosecuted under the ordinance, resulting in a verdict and judgment in respondents' favor, awarding them $5,950 for the taking of a portion of the lots, $4,000 for the damage to the remainder of the lots by reason of the taking, and $1 for damage to the remainder of the lots by reason of the change of the grades of the streets. Thereafter judgment was prepared by counsel for the city, and entered in usual form upon the verdict, except that it concluded with the words as follows:, "Provided that said property shall be liable to assessment for the actual improvement of said street." Thereafter respondents received from the city the amount awarded to them by the verdict and judgment, and satisfied the same upon the execution docket by endorsement thereon. This was evidently done in the usual manner provided by Rem. & Bal. Code, §§ 454, 953.

Thereafter the city proceeded with the improvement, and assessed the cost thereof against the property claimed by it to be benefited thereby. Among the property so assessed, were the remaining portions of the two lots of respondents which had been found by the jury to be damaged by reason of the taking of portions thereof and the change of the grades of

the streets. The remaining portions of respondents' lots were so assessed in the sum of $8,055.96. While this assessment was levied by the city to pay for the physical improvement, and was not levied by eminent domain commissioners to 'pay damages awarded by the jury to other property owners, we think it is plain, from the record before us, that the physical improvement for the payment of which the assessment was so levied, constitutes a part of the whole scheme and improvement contemplated by the terms of the ordinance under which the condemnation was instituted and prosecuted. We do not understand that the city seriously contends to the contrary. Other facts will be noticed as may become necessary in our discussion of the contentions of counsel.

The theory of the learned trial court, in rendering its decree in respondents' favor, apparently is that the city was wholly without power to levy any assessment upon the remaining portions of the lots of respondents, because of the finding of the jury that such remaining portions of the lots were damaged, and that the concluding words of the condemnation judgment, providing that the lots should be liable to assessment, was an attempt to adjudicate a question wholly beyond the jurisdiction of the court upon the trial of the issues then before the court. This is undoubtedly a correct theory of the case under the law of this state, unless the court acquired jurisdiction to adjudicate such questions at that time and in that judgment by consent of the respondents. *Seattle & Puget Sound Packing Co. v. Seattle*, 51 Wash. 49, 97 Pac. 1093; *Schuchard v. Seattle*, 51 Wash. 41, 97 Pac. 1106; *Smith v. Seattle*, 41 Wash. 60, 82 Pac. 1098. The very statute under which this condemnation and improvement was prosecuted provides:

"That no lot, block, tract or parcel of land shall be assessed a greater amount than it will be actually benefited, nor shall any lot, block, tract or parcel of land which shall have been found by the jury or court to be damaged be assessed for any benefits." Laws of 1905, page 92, § 22.

It is clear, therefore, that the power of the city to levy this assessment rests wholly upon the concluding provision of the condemnation judgment, and the validity of that provision as a judgment upon that question. If that provision in the judgment does not give the assessment legal support, it was levied without any power, jurisdiction, or authority whatever on the part of the city, so far as this record shows.

The record in this case is in a peculiar condition, in so far as it bears upon the question of the court's jurisdiction to determine, in the condemnation judgment, the question of the remaining portions of the lots becoming assessable for the cost of the improvement. Respondents, for the purpose of showing that the condemnation judgment is void in so far as it is assumed thereby to adjudicate that the lots are assessable, alleged in their complaint as follows:

"That subsequent to the return and entry of said verdict, and without any notice to the said plaintiffs, the said city of Seattle, without warrant or authority of any law or otherwise for so doing, and contrary to law, and without the knowledge or consent of said plaintiffs, or of either of them, presented to the superior court of the state of Washington for King county in said cause No. 52280 a form of, and said court on the 13th day of March, 1907, signed and entered, a judgment purporting to be based upon said verdict, by which said judgment the said court, upon the application of said city of Seattle, in addition to awarding to these plaintiffs the said damages found and awarded by said jury in said verdict, pretended and attempted to adjudge and decree 'that said property shall be liable to assessment for the actual improvement of said street.' That said pretended additional judgment and decree is without the issues submitted to the jury upon the trial, and is in excess of and beyond the findings of said jury, as disclosed by its verdict, and is not supported by any verdict of the jury, and said pretended additional judgment and decree is contrary to law. That said plaintiffs had no notice or knowledge of the presentation or signing of said judgment by said court, and never discovered that said judgment contained said provision relating to the assessment of said property for the actual improvement until within ten days prior to the institution of this action."

The city, by its answer, denied these allegations, except
that such a judgment was entered.    The city further pleaded
as an affirmative defense, in substance, that the verdict and
judgment, including the concluding provision, were rendered
in pusuance of a stipulation entered into between the city
and respondents, wherein it was mutually agreed that the re-
maining portions of the lots should be liable to assessment for
the cost of the improvement, notwithstanding any award of
damage to respondents for injuries resulting to such re-
mainder.    Replying to this affirmative defense, respondents
denied entering into any stipulation whereby they agreed
that the remaining portions of their lots might be assessed
for the costs of the improvement, and denied that the verdict
and judgment were rendered in pursuance of any such stip-
ulation.

Upon the trial, counsel for respondents offered evidence
tending to prove that neither the respondents nor their at-
torney in the condemnation proceeding had any notice or
knowledge whatever of the fact that the judgment in that
proceeding provided that the remaining portion of the lots
should be liable for the costs of the improvement, until within
a short time prior to the commencement of this action, and
also offered evidence tending to prove that there never was
any stipulation or agreement made by or on behalf of re-
spondents to that effect, and that such question was without
the issues then before the court.    Counsel for the city ob-
jected to the introduction of such evidence, upon the ground,
in substance, that respondents and their attorneys having ap-
peared in that proceeding, and having satisfied the judgment
in so far as it awarded damages to them, were bound to know
the contents of the judgment, and were bound by the judg-
ment as a final adjudication upon the question of the lots
being assessable, as well as upon the amount of damages and
the city's right to take and damage the lots.    The court sus-
tained these objections and refused to receive the evidence
offered, but evidently not upon the grounds urged by counsel

for the city, since that would have necessarily resulted in the court's denial of the relief prayed for by appellant, which relief it eventually granted.

The remarks of the learned trial court plainly indicate that he rejected the evidence upon the theory that, because of the manner in which the issues were raised by the pleadings, the burden of proving these jurisdictional facts was upon the city. Counsel for the city could not have been mistaken as to these views of the court expressed, when the objection was sustained and the evidence rejected at their instance. The court did, however, let counsel for respondents proceed with their evidence along this line far enough to show that no notice of the proposed entry of the judgment in the condemnation proceeding, and no copy thereof, was ever served upon respondents or their attorney in that proceeding; and also that, when the judgment was satisfied, respondents and their attorney saw only the execution docket, where the judgment was entered in usual form and where they endorsed satisfaction thereof. The city offered no evidence whatever tending to show that there was a stipulation upon which that portion of the judgment adjudging the lots assessable for the improvement was based, nor any evidence to show that that question was in any manner then submitted to the court for decision; nor did it offer any evidence whatever tending to show that respondents ever had any notice or knowledge of that portion of the judgment adjudging the lots assessable. Counsel for the city were evidently resting upon the assumption that the burden of proof was upon respondents to prove want of jurisdictional facts to support that portion of the judgment, notwithstanding the court had in effect ruled to the contrary. This left the validity of that portion of the judgment to be determined by what appeared upon its face alone. The copy of the judgment introduced in evidence in this case contains no recitals whatever indicating in what manner that question was submitted to the court by the parties, giving it jurisdiction to determine the same. So the

problem then before the court was reduced to the simple question, Is this concluding provision in the judgment void upon its face for want of jurisdiction? That the questions in the case became so narrowed was no fault of respondents or their counsel. They had offered the proof we have mentioned, and saved their exceptions to the court's ruling rejecting such proof. We are compelled, because of the exclusion of this offered proof, to confine ourselves within the same narrow limits, so far as determining the technical correctness of the final decree rendered by the court in respondents' favor is concerned. That decree must have been rendered upon the theory that the judgment in the condemnation proceeding, in so far as it adjudicated that the lots were assessable, was void upon its face, since nothing else than the judgment itself was before the court upon the question of its validity. The court had excluded the offered evidence tending to show want of jurisdictional facts upon which it must rest.

It seems to us that the question of whether or not a lot in Seattle is liable to assessment for a city local improvement such as is here involved is a subject-matter so clearly within the jurisdiction of the superior court for King county as to need no argument for demonstration. That is a court of general jurisdiction, and having rendered that portion of the judgment assuming to determine thereby that the lots are assessable, in a proceeding where that question might have been submitted to the court for adjudication, we cannot say that such an adjudication is without the jurisdiction of the court, simply because the judgment upon its face fails to affirmatively show jurisdictional facts upon which such adjudication could rest. The very fact that the court adjudicated such question by its judgment is enough to show *prima facie* that it had jurisdiction so to do. That such a question may be adjudicated in a condemnation judgment upon stipulation of the parties has been recognized by us in *James v. Seattle*, 57 Wash. 318, 106 Pac. 1114, and *Seattle Transfer Co. v. Seattle*, 62 Wash. 269, 113 Pac. 627. We

are of the opinion that, upon the record as made in this case, the trial court was in error in rendering its decree in respondents' favor.

However, it does not follow that respondents are not entitled to such a decree in their favor, upon proof of the facts they alleged and offered to prove upon the trial. The court may have had unquestioned jurisdiction over the subject-matter it assumed to adjudicate by the concluding provision of the condemnation judgment, and it may be presumed to have rightfully exercised that jurisdiction by the rendering of such judgment, but that does not conclude respondents from alleging, in a proper action, as this is, and proving, if they can, that such adjudication was not upon any issue involved in the condemnation trial; that they never had any notice by process, pleading, or stipulation of any nature that such question was sought to be adjudicated by the condemnation judgment; and that no notice of such attempted adjudication ever came to them until after the entry of the judgment. Respondents had as much right to prove these facts, for the purpose of showing want of jurisdiction in the court to render such a judgment, as they would, in a proper action to set aside any judgment rendered against them, to prove that no process was ever served upon them in such action giving the court jurisdiction to render a judgment against them therein. This was not a question involved in the trial of the condemnation proceeding so as to enable the court to render a judgment thereon at that time, unless the parties in some form then voluntarily submitted such question to the court, or consented in some way to such a judgment thereon. It was in no way involved in the ordinary process or pleadings in such a proceeding so as to give notice to respondents that it would be adjudicated by the judgment to be rendered upon the verdict of the jury awarding them damages. The finding of damages in such a condemnation trial, in a defendant's favor, may or may not render his property thereafter assessable, but the court has no jurisdiction to

render a judgment adjudicating that question upon such a trial and verdict, unless the parties in some manner then voluntarily submit that question to the court for adjudication. The ordinary issues of such a trial call for no judgment other than as to the right of the city to appropriate, and the amount of defendant's damages therefor as found by the jury. We do not go so far as to hold that the judgment upon its face is void because of the nature of the proceedings and the verdict for damages to the remainder of the lots, though the verdict recited in the judgment does suggest a probable want of jurisdiction to adjudicate that the lots are assessable. We do hold, however, that respondents have the right to overcome the presumption of jurisdiction to render that portion of the judgment, by proof of the facts alleged and offered in evidence by them in this case. This is a direct attack upon that portion of the judgment. While counsel for respondents insist that the judgment is void upon its face, the action was brought in such form as to also directly attack the judgment for want of jurisdictional facts to support it. Such want of jurisdictional facts was clearly pleaded in their complaint, and if proven, the judgment must be held void, in so far as it is therein assumed to adjudge the lots assessable. *Johnson v. Gregory*, 4 Wash. 109, 29 Pac. 831, 31 Am. St. 907; *Waterman v. Bash*, 46 Wash. 212, 89 Pac. 556; *Hembree v. McFarland*, 55 Wash. 605, 104 Pac. 837; *Anderson v. Burgoyne*, 60 Wash. 511, 111 Pac. 777.

It is true that this is not a question of failure to serve the usual process upon respondents in the condemnation case, nor is it a question of acquiring jurisdiction to determine questions ordinarily involved in such a proceeding; but it is rather a question of jurisdiction to determine questions not involved in the issues presented to the court under that process, or otherwise submitted by the parties for decision. Clearly, that process did not bring the defendants into court for the adjudication of such question. For the court to assume to adjudicate the rights of parties to an action or

proceeding which are not brought in issue therein by process, pleading, or consent, is in principle the same as for the court to assume to adjudicate rights without any service of process upon the parties against whom such adjudication may be made. In the case of *Reynolds v. Stockton*, 140 U. S. 254, the supreme court of the United States, in holding a judgment void for want of jurisdiction in so far as it assumed to adjudicate a matter not in issue in the cause, said, at page 265:

"The invalidity of the judgment depends upon the fact that it is in no manner responsive to the issues tendered by the pleadings. This idea underlies all litigation. Its emphatic language is, that a judgment, to be conclusive upon the parties to the litigation, must be responsive to the matters controverted. Nor are we concerned with the question as to the rule which obtains in a case in which, while the matter determined was not, in fact, put in issue by the pleadings, it is apparent from the record that the defeated party was present at the trial and actually litigated that matter. In such a case the proposition so often affirmed, that that is to be considered as done which ought to have been done, may have weight, and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made. Here there was no appearance after the filing of the answer, and no participation in the trial or other proceedings. Whatever may be the rule where substantial amendments to the complaint are permitted and made, and the defendant responds thereto, or where it appears that he takes actual part in the litigation of the matters determined, the rule is universal that, where he appears and responds only to the complaint as filed, and no amendment is made thereto, the judgment is conclusive only so far as it determines matters which by the pleadings are put in issue."

Apparently, in that case there was no issue involving the matter adjudicated, at the time of defendants' answer, and since they did not thereafter appear or participate in the cause, the matter foreign to the issues was adjudicated without hearing the defendants thereon. If respondents' offered proof is true, that is the situation, in substance, here. The only difference is that the foreign matter here involved was

first brought into the cause at the rendering of the judgment in the absence of respondents, if respondents' offered proof be true. The case of *Anderson v. Burgoyne, supra*, was decided by this court upon this principle. *Reynolds v. Stockton*, 43 N. J. Eq. 211, 10 Atl. 385, 6 Am. St. 877; *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, 62 Am. St. 609; *Unfried v. Heberer*, 63 Ind. 67; *Seamster v. Blackstock*, 83 Va. 232, 2 S. E. 36, 5 Am. St. 262; *Falls v. Wright*, 55 Ark. 562, 18 S. W. 1044, 29 Am. St. 74, and note 78.

In the case of *Oates v. Shuey*, 25 Wash. 597, 66 Pac. 58, this court held that the community interest of the wife, acquired before the husband executed a mortgage upon the property as his separate property, being a paramount title to that sought to be mortgaged, the wife's community rights could not be litigated in a foreclosure of the mortgage, even though she was personally served in the foreclosure suit and it was alleged that the property was the separate property of the husband. She did not appear and the decree was held void for want of jurisdiction, in so far as its terms appeared to divest her of her paramount community interest. This holding is not overruled by *Coolidge v. Schering*, 32 Wash. 557, 73 Pac. 682, where it is held that a question of paramount title can be litigated by consent of the parties in the foreclosure suit. This only means that the court, having jurisdiction over the subject-matter, it can acquire jurisdiction over the parties to adjudicate such subject-matter by consent. We are of the opinion that, under the issues of fact in this case, respondents are entitled to introduce evidence to prove that there was a want of jurisdictional facts to support the adjudication of the court in the condemnation proceeding that the remaining portions of the lots were liable to assessment, as they have alleged in their complaint. If they can successfully prove such facts, they will be entitled to a decree adjudging that portion of the condemnation judgment void.

If such evidence is sufficient to show want of jurisdictional facts: to wit, want of submission of the question to the court,

or consent to such an adjudication in some form by respondents, it will then become immaterial what knowledge of the entry of such judgment may have been acquired by respondents after the entry thereof. If the judgment can be proven to be void for want of the jurisdictional facts to support it when entered, it will not be rendered otherwise by knowledge which might come to respondents after its rendition.

Some contention is made that respondents ought to be held to be estopped to deny the validity of the portion of the condemnation judgment adjudicating their lots to be assessable, because they accepted the fruits of the verdict and the other portion of the judgment awarding them damages, and hence, must have learned of that portion of the judgment providing that their lots should be assessable. It is easy to see how it is possible for respondents to have satisfied this judgment, in so far as it awarded them damages, without at the same time learning that it contained the provision here complained of. That provision would not be at all likely to appear upon the execution docket, where we all know there is little else than a brief abstract of the judgment entered, showing the title of the cause and the date and amount of the judgment. When one goes to satisfy a money judgment he may have no occasion to see or examine any part of the record other than this entry in the execution docket. That would show the amount of the judgment, and is also the place where the endorsement of its satisfaction is to be made. Rem. & Bal. Code, § 454. And if it be against a municipal corporation, a transcript of its entry upon the execution docket, after endorsing satisfaction upon the docket, is taken by the judgment creditor to the proper officer of such municipal corporation where he receives payment. Rem. & Bal. Code, § 953.

There may be some remarks of the court in *James v. Seattle*, 57 Wash. 318, 106 Pac. 1114, which might be construed to indicate that we regard the satisfaction of the judgment in a condemnation case as a waiver of the right of a defendant therein to object thereafter to a provision in the judgment

like that here involved.   In that case, however, the defendant
was held so estopped because, as the court there said, near
the bottom of page 819, "The court had jurisdiction over
the parties and the subject-matter."   In view of the fact
that in that case the defendants had expressly stipulated that
their damaged lots could be assessed for the improvement not-
withstanding the award of such damages, the court was re-
ferring to the jurisdiction over both the subject-matter and
the parties which that stipulation gave.   Now, while it is true
that this adjudication that the lots shall be assessable happens
to be appended to, and is physically a part of, the same
writing which evidences the court's judgment upon the award,
it is, in substance and in fact, a separate judgment from the
judgment upon the award of damages.   Respondents had no
alternative but to submit to the judgment upon the award.
The court clearly had jurisdiction of that question, and its
judgment thereon in any event resulted in the loss to re-
spondents of a portion of their lots and in damage to the
remainder; for the city by that judgment became entitled to
take such portion of the lots and to damage the remainder,
regardless of whether respondents accepted the award or not.
So, the mere fact that respondents accepted the award which
was to go to them as the measure of their value of property
rights, which the city in any event, by force of that judgment,
was taking away from them, should not estop them from con-
tending that the adjudication that their lots were assessable
was void for want of jurisdiction to make such adjudication.
As said before, this in any event occurred after the rendition
of the judgment, and if this portion was void when rendered,
the acceptance of the award would not render it otherwise.
Because a party accepts the benefit of one judgment, does
not estop him from denying the validity of another judgment
rendered upon a question as to which he was never heard.

We are of the opinion that the decree of the trial court
must be set aside, and the cause remanded to that court
with directions to permit the respondents to offer evidence in

support of their contention that there never existed any jurisdictional facts upon which the court could adjudicate that the remaining portions of their lots should be liable to assessment for the improvement, and for such further proceedings as are not inconsistent with this opinion. It is so ordered.

There only remains for our disposition the question of costs in this court. While our disposition of the cause may, in a technical sense, be regarded as being in city's favor by a reversal of the decree of the trial court, we think, in a broader sense, our disposition of the cause upon this appeal cannot be regarded as in favor of the city any more than the respondents. This view, under Rem. & Bal. Code, § 1744, renders the question of costs within the court's discretion. In view of the offer of proof made by counsel for respondents, the objections thereto made by counsel for the city, the sustaining of such objections by the court, and respondents' exceptions thereto, and thereafter the rendering of the decree in the trial court in respondents' favor giving them no occasion to appeal, we feel that they are forced into this court wholly without fault of their own, and are entitled to recover their costs from the city incurred upon this appeal. It is so ordered.

GOSE, FULLERTON, and MOUNT, JJ., concur.