[No. 9224.  Department One.  April 21, 1911.]

SEATTLE SCHOOL DISTRICT No. 1, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

SCHOOLS AND SCHOOL· DISTRICTS — POWERS — OFFICERS — ASSESS-MENTS—WAIVER OF EXEMPTIONS.  A petition by a school district for the improvement of a street, agreeing to pay its just proportion of the cost of the improvement irrespective of any award of damages, is not *ultra vires*, or beyond the power of the school district officers, although the law exempts from assessment lands found by the jury to be damaged.

MUNICIPAL CORPORATIONS—ASSESSMENTS — OBJECTIONS — WAIVER. A petition of property owners for a street improvement agreeing to pay the cost of the improvement irrespective of any award of damages, waives their right to object to the assessment of their land on the ground that the jury found the same to be damaged, and is *prima facie* sufficient to confer jurisdiction on the court to make the assessment irrespective of the award.

SAME—ABROGATION OF WAIVER—DECREE—VACATION.  Where property owners, in their petition, waived their right to object to the assessment of land which the jury found to be damaged, they may, in a direct attack to vacate the judgment for want of jurisdiction, show that the waiver was abrogated, that the court had no jurisdiction to make the assessment, and it is error to exclude evidence thereof.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 25, 1910, in favor of the plaintiff, after a trial before the court without a jury, in an action to vacate a portion of a judgment in condemnation proceedings, and for the cancellation of an assessment to pay the cost of a local improvement.  Reversed.

*Scott Calhoun, James E. Bradford, O. B. Thorgrimson,* and *Leander T. Turner,* for appellant.

*R. W. Prigmore,* for respondent.

PARKER, J.—This is a companion case to *Michaelson v. Seattle, ante* p. 230, 115 Pac. 167, and involves a controversy

[1] Reported in 115 Pac. 173.

of the same nature. It grows out of the same condemnation proceedings, a verdict and judgment rendered therein of the same nature, and an attempted assessment of the remaining portion of the damaged property of the school district to pay the cost of the improvement. As in the *Michaelson* case, the trial court granted the school district relief, and set aside the assessment upon the ground that the verdict awarding damages for the remaining portions of the property rendered it nonassessable, and that the portion of the condemnation judgment assuming to adjudicate otherwise is void, making substantially the same rulings as to the burden of proof being upon the city to show that that question was properly before the court for adjudication. We will only notice the questions here presented, in so far as they differ from those in the *Michaelson* case.

In this case counsel not only offered to show that there was no existing stipulation at the time of the trial consenting to the provision in the condemnation judgment adjudicating that the remaining portion of the land should be assessable, but went further and offered to prove that the verdict was in fact rendered in pursuance of a stipulation entered into at the time of the trial, whereby it was agreed between the parties that the remaining property should not be assessed, and that the jury should find the damages to such remaining property in a nominal sum, for the express purpose of rendering such remaining property nonassessable. This proof seems to have been offered for the purpose of showing that whatever consent had been given by the school district that its property should be assessable for this improvement, in the original petition therefor addressed to the city council, was abrogated by common consent by this stipulation entered into at the time of the trial. So that the offered proof of this stipulation was, after all, only an offer to prove that there was, at the time of the condemnation trial and judgment, no existing stipulation between the parties, either sub-

mitting that question to the court for decision, or consenting that the court should adjudicate that the property should be assessable. The trial court excluded this offered proof, as in the *Michaelson* case, evidently upon the theory that, because of the manner in which the issues were presented by the pleadings, the burden of proving such fact was upon the city. The city offered no proof that that question was submitted to the trial court for decision in the condemnation judgment, nor did it offer any proof that the school district consented to the court making such adjudication in the condemnation judgment. Notwithstanding the exclusion of respondent's offer of proof, and the entire absence of proof as to how the court acquired jurisdiction in the condemnation case to make that adjudication, the learned trial court in this case granted the relief prayed for by the school district, evidently upon the theory that the adjudication in the condemnation judgment that the property should be assessable was void upon its face, in view of the verdict of the jury finding that the remaining property was damaged. This we think was erroneous, for the same reasons we have stated in the *Michaelson* case; though, for the reasons there stated, had respondents' offered proof been received, it might have been ample to show that the court made such adjudication without jurisdiction, thus rendering it void.

Counsel for the city introduced in evidence in this case the original property owners' petition addressed to the city council asking for the institution of the condemnation proceedings and the making of the improvement. We do not find this petition in the statement of facts as an exhibit, but assume that the purported copy thereof set out in the city's answer is a true copy. Counsel for both the city and the school district proceed upon the theory in their argument that this petition was signed by the proper officers of the school district, with other property owners, though we are not able to otherwise determine such fact from this record. It ap-

pears by the copy before us that the petition contained the
following:

"And your petitioners do hereby severally agree, and do
hereby bind themselves to pay their just and proportionate
part of the cost of improving each sub-district as herein-
above provided for, irrespective of any award of damages
that may be made in favor of any individual property owner
in the condemnation proceeding herein petitioned for."

Counsel for the school district objected to the introduc-
tion of this petition, and argues that the signing of such pe-
tition by the officers of the school district, in so far as the
above quoted provision therein waiving the right to object
to the assessment is concerned, is *ultra vires* and not binding
upon the district. We are not cited to any authority in sup-
port of this contention, and are unable to see why such
an act is not within the power of the proper officers of the
district. School property is not exempt from the power of
eminent domain here involved (Laws of 1905, p. 84); our at-
tention has not been called to any statute exempting school
property from special assessment for the improvement of
streets adjacent thereto; and it would seem that the proper
officers of the school district could make contracts and con-
cessions looking to the improvement of such streets and the
assessing of the school property therefor. We think the
petition was not erroneously admitted in evidence, so far as
the power of the officers of the school district is concerned.
We also think it is clear that the language of the petition
above quoted amounts to a waiver on the part of the school
district to object to the assessment of its property to pay a
proper proportion of the cost of the improvement, irrespec-
tive of any award of damages that might be made in its
favor in the condemnation proceedings, and if it was in no
manner abrogated by some subsequent agreement between the
school district and the city, it would be sufficient to warrant
the levy of an assessment, regardless of the finding of dam-
ages, and regardless of whether or not the court had juris-

diction to make the adjudication in its condemnation judgment that the property should be assessable.

The city is apparently relying upon two grounds of estoppel against the school district to support the assessment: (1) The adjudication in the condemnation judgment; and (2) the waiver in the original petition asking for the improvement, independent of such adjudication. As the record in this case now stands, the city made a *prima facie* case upon both grounds. The adjudication, we have seen, carries with it the presumption of jurisdiction, and hence its validity; while the agreement to an assessment in the original petition not being shown to have been in any manner abrogated, was of itself sufficient *prima facie* to support the assessment. The error of the learned trial court in this case consisted of the exclusion of the offered evidence of the school district to overcome the city's *prima facie* case made upon both grounds.

All other questions involved on this appeal we think are disposed of by what has been said in the *Michaelson* case. The decree of the learned trial court, except in so far as it corrects the description of the land appropriated, which is a question not here involved, is set aside, with direction to permit respondents to introduce their proof as offered, and for further proceedings not inconsistent with this opinion.

For the reasons stated in the *Michaelson* case, the respondents will recover their costs from the city upon this appeal.

GOSE, FULLERTON, and MOUNT, JJ., concur.