[No. 9916.   Department Two.   May 7, 1912.]

## J. C. MICHAELS *et al.*, *Appellants*, v. JOSEPH LEVINSON *et al.*, *Respondents.*[1]

LANDLORD AND TENANT — CONTRACT FOR LEASE — CONSTRUCTION. Where defendant agreed to lease premises, provided his wife would sign the lease, he would not be liable for damages for failure to perform unless his wife executed a lease which the lessees were willing to accept.

SAME—CONTRACT FOR LEASE—BREACH—DAMAGES—PLEADING — IS-SUES AND PROOF. Where defendant promised to execute a lease to plaintiffs on specified terms, provided defendant's wife would sign the lease, and plaintiffs paid $600 as one month's rent, to be forfeited as liquidated damages if they failed to sign the lease, an allegation in plaintiffs' complaint for damages that defendant's wife did sign a lease but that defendant neglected and refused to deliver it, must be construed as implying that the lease so executed was such a lease as the plaintiffs were ready to accept; and, on issue joined on such allegation, it appearing that plaintiffs refused to accept the lease signed and tendered, they are not entitled to recover as damages the $600 paid as rent, although evidence was offered tending to show that the lease tendered was not such as was contemplated by the agreement, since such evidence was outside the issues.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 17, 1911, dismissing an action for breach of contract, notwithstanding a directed verdict for the plaintiffs, after a trial on the merits before a jury.   Affirmed.

*Carl J. Smith* and *H. E. Foster*, for appellants.

*Jay C. Allen*, for respondents.            •

ELLIS, J.—Action to recover damages for failure of the defendants Levinson and wife to deliver to the plaintiffs a lease and the possession of certain premises, in the city of Seattle, to be used in conducting a dairy lunch.

On August 4, 1910, the defendant Joseph Levinson agreed

[1]Reported in 123 Pac. 520.

to enter into a lease with the plaintiffs for a period of four years and ten months, at a rental of $600 a month for the first twelve months, and $650 a month for the remainder of the term, provided his wife, the defendant, Mrs. R. Levinson, would sign the lease for that term. The plaintiffs paid to the defendant Joseph Levinson $600 to apply on the rent for September, 1910. A receipt for the $600, containing a memorandum of the agreement, then executed by Levinson and Michaels, reads as follows:

"August 4, 1910.

"Received from J. C. Michaels and wife, six hundred ($600) dollars to apply for September, 1910, rent of No. 1210, Second avenue. I am to give above parties a lease, provided that Mrs. Levinson will sign the same for four years and ten months; the first twelve months to be at the rate of $600 per month and the balance of three years and ten months at $650 per month.

"It is understood if Mr. Michaels and wife do not sign the lease that the above $600 is forfeited to J. Levinson, as liquidated damages. J. C. Michaels has privilege to transfer lease to H. G. Stolting.          Joseph Levinson.

"I accept the above receipt.          J. C. Michaels.

"The above room is to be used for a Baltimore Dairy Lunch, similar to the one in the basement of the New York Block, 706 Second avenue, same to be properly ventilated by the said J. C. Michaels.          J. C. Michaels.

"Joseph Levinson."

The trial was had upon the issues tendered by a second amended complaint, which, after setting out the above admitted facts, alleged:

"IV. That it is provided among other things in the said agreement entered into as aforesaid, that it should not be binding on the defendant unless Mrs. R. Levinson should agree to sign the said lease for four years and ten months. That the said Mrs. R. Levinson did sign a lease for the said premises for four years and ten months, but that the defendant, Joseph R. Levinson, neglected and refused, and continues to neglect and refuse to deliver the lease executed as aforesaid."

As showing damages, it was alleged in substance that the plaintiffs had an established business which they were conducting in another location at great profit; that their lease for the other location expired on August 31, 1910; that, in order to continue their business, it was necessary to remove to the new location promptly on September 1st; that these facts were known to the defendants; that it was necessary for the plaintiffs to make certain alterations in order to occupy the new premises and they engaged an architect to prepare plans for the purpose; that before and on September 1, 1910, and several times thereafter, the plaintiffs demanded possession of the premises and the execution of the lease in accordance with the agreement and that the defendants refused to execute the lease and deliver possession of the premises, and converted to their own use the $600 rental paid for the month of September; that the plaintiffs sustained damages by loss upon furniture and fixtures, by loss of their business, by loss of profits, by loss of the value of the leasehold in excess of the rent reserved, and that plaintiffs were further damaged in loss of time and expenses incurred; that the total damages amounted to $13,880, for which judgment was asked.

The answer admitted the execution of the receipt and memorandum of agreement, admitted the execution of the lease by Mrs. Levinson, traversed the other allegations of the complaint; and affirmatively alleged the execution of the agreement, the execution and tender of the lease, the refusal of the plaintiffs to sign it, the notice of forfeiture and forfeiture of the $600, and that, had the plaintiffs signed the lease, it would have been delivered to them. This affirmative matter was denied by the reply.

At the trial the defendants objected to the admission of evidence tending to sustain the items of damages claimed. The defendants offered no evidence. At the close of the plaintiffs' evidence and offers of evidence, the defendants moved for a nonsuit. The motion was denied, and the court

upon its own motion directed the jury to disregard all evidence offered for the purpose of establishing the various items of damages pleaded, except the admitted payment of $600 and the refusal of the defendants to refund it, and on the court's direction the jury returned a verdict for that amount. Both parties filed motions for a new trial, and the defendants also a motion for judgment notwithstanding the verdict. The motions for new trial were overruled, and the latter motion was granted. A judgment was entered dismissing the action and awarding costs to the defendants. The plaintiffs appealed.

The crucial question in this case is what was the ground of action as shown by the second amended complaint? A consideration of the memorandum of agreement and paragraph four of the complaint above quoted are determinative of this question. The undertaking of the respondent Levinson was to give the appellants "a lease, provided Mrs. Levinson will sign the same for four years and ten months;" at a stipulated rental. He did not undertake that she would sign any particular form of lease, nor a lease containing any specific covenants or according any particular privileges to the appellants, nor, in fact, that she would sign any lease of any kind. The stipulation in the last clause of the memorandum that the room should be "used for a Baltimore Dairy Lunch, similar to the one in the basement of the New York Block," did not enlarge the undertaking so as to make it a guaranty that Mrs. Levinson would sign a lease suitable for that purpose. It was obviously intended as a protection to the appellants. In addition to defining their duties as to ventilation under whatever lease might be made, it was intended to absolve them from any duty to accept a lease not suitable for the specified purpose. Clearly no action for damages could be maintained upon this agreement until Mrs. Levinson had signed a lease which the appellants would be willing to accept and sign. Without such an allegation, a complaint sounding in damages for failure to de-

liver any lease in pursuance of the memorandum would have been demurrable. Though not appearing in the transcript, it seems to be admitted that a demurrer to the first amended complaint was sustained for lack of that allegation and that the above quoted paragraph four was, for that reason, inserted in the second amended complaint. The allegation therein that Mrs. Levinson did sign a lease of the premises for the stipulated term, but that the defendant Joseph R. Levinson refused to deliver "the lease so executed as aforesaid," must be construed as implying that the lease so executed was such a lease as the appellants were ready to accept, since no claim for damages could be predicated upon any other kind of lease under the terms of the agreement. The sole issue tendered by the complaint, when construed so as to state any cause of action, therefore, was, Did the respondent Joseph R. Levinson withhold from the appellants a lease signed by Mrs. Levinson and which they were willing to accept? The evidence wholly failed to sustain the affirmative of this issue. It showed conclusively that the lease signed by Mrs. Levinson was repeatedly tendered to the appellants and that they refused to accept it. There can be no question of the correctness of the trial court's refusal to submit to the jury the question of damages.

The appellants contend that, in any event, they were entitled to judgment for the $600 paid by them and retained by the respondents, because, as they argue, the lease tendered was not such a lease as they were bound to accept under the memorandum of agreement. That question, however, was entirely outside of the issues. That claim was wholly inconsistent with the gravamen of the complaint, namely, that the respondent Levinson refused to deliver the lease signed by Mrs. Levinson. Had that issue been sustained by the proof, then unquestionably the appellants would have been entitled to have included in the judgment the $600, with the other damages resulting from such refusal. Having failed to prove the single ground of recovery

sufficiently pleaded, they were not entitled to judgment for any sum. While evidence was offered tending to show that the lease tendered was not such a lease as was contemplated by the agreement, that proof was not responsive to the issue pleaded, and no amendment was made or requested. That evidence would be admissible in a suit to recover the money paid because of failure of Mrs. Levinson to sign such a lease as the appellants were bound to accept, but not in this action, which was for damages for failure to deliver the lease which she had signed. This action could only be maintained ' on the theory that the condition precedent to any right to damages under the initial agreement, had been performed; namely, that Mrs. Levinson had signed a lease which the appellants were willing to accept. Though there was, in that part of the complaint which set out the damages claimed, an implication that the lease signed by Mrs. Levinson was not such as contemplated by the agreement, that implication was wholly incompatible with the claim for damages in connection with which it appeared. Since the verdict for $600 was not within the issues, it was properly set aside. *Sloan v. Byers*, 37 Mont. 503, 97 Pac. 855; *Reynolds v. Stockton*, 140 U. S. 254; *Munday v. Vail*, 34 N. J. L. 418; *American Building & Loan Ass'n v. Farmers' Ins. Co.*, 11 Wash. 619, 40 Pac. 125; *Michaelson v. Seattle*, 63 Wash. 230, 115 Pac. 167.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.